CONSUMERS POWER COMPANY v LANSING BOARD OF WATER
AND LIGHT

Docket No. 139531. Submitted March 31, 1993, at Grand Rapids.
Decided June 7, 1993, at 10:00 A.M.

Consumers Power Company brought an action in the Clinton
Circuit Court against the Lansing Board of Water and Light, a
municipally owned electric utility, alleging that the defendant
was improperly selling electricity at retail rates to customers in
Watertown Township. The court, Timothy M. Green, J.,
granted summary disposition for the defendant, finding that
MCL 124.3; MSA 5.4083 authorized the defendant's sale be-
cause the touching of the southeast corner of the township and
the northwest corner of the city satisfies the statute's contigu-
ity requirement. The plaintiff appealed.

The Court of Appeals *held:*

The trial court correctly interpreted the statute to allow the
defendant's sale of electricity to customers in the township.
Although the statute does not define the term "contiguous" in
stating that a municipal corporation may sell electricity to the
area of any city, village, or township that is contiguous to the
city, the point of contact between the township and the city
constitutes a touching or contact that satisfies the common
dictionary definition of the term "contiguous" and the contigu-
ity requirement of the statute.

Affirmed.

MUNICIPAL CORPORATIONS — EXTRATERRITORIAL RETAIL SALES OF ELEC-
TRICITY — CONTIGUITY.

The contact that occurs when a corner of a township touches a
corner of a city satisfies the contiguity requirement of the
statute that allows a municipal corporation to sell electricity to
the area of any city, village, or township that is contiguous to
the city (MCL 124.3; MSA 5.4083).

REFERENCES

Am Jur 2d, Electricity, Gas, and Steam § 38; Municipal Corpora-
tions, Counties, and Other Political Subdivisions §§ 228, 568.

See ALR Index under Electricity and Electric Companies; Munici-
pal Corporations.

*Barris, Sott, Denn & Driker* (by *Eugene Driker* and *Andrew M. Zack*), for the plaintiff.

*Varnum, Riddering, Schmidt & Howlett* (by *Peter Armstrong* and *John W. Pestle*), for the defendant.

Amicus Curiae:

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Kester K. So* and *Michael S. Ashton*), for Michigan Municipal Electric Association.

Before: MICHAEL J. KELLY, P.J., and WEAVER and D. E. SHELTON,* JJ.

MICHAEL J. KELLY, P.J. Plaintiff appeals as of right from an April 1, 1991, order granting defendant's motion for summary disposition. The trial court granted defendant's motion on the basis of its finding that MCL 124.3; MSA 5.4083 (hereinafter § 3) authorized defendant to sell electricity at retail rates to customers in Watertown Township. This matter involves the proper interpretation of § 3, which governs the propriety of defendant's sale of electricity beyond the boundaries of Lansing.

The pertinent facts are not in dispute. Plaintiff, Consumers Power Company, is a public utility engaged in the generation and sale of electricity. Defendant, Lansing Board of Water and Light, is a nonprofit, municipally owned, electric utility providing electric service to the greater-Lansing area. Plaintiff and defendant have each, for many years, made retail sales of electricity to customers in Watertown Township. Although the physical boundaries of Watertown Township and the City of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Lansing touch at one point (the southeast corner of the township touches the northwest corner of Lansing), defendant's retail sale of electricity to customers in Watertown Township is "extraterritorial" in nature because it transcends the corporate boundaries of Lansing. As indicated above, the validity of defendant's extraterritorial retail sales to its Watertown Township customers is governed by § 3, which provides in pertinent part:

> A municipal corporation shall have the right to contract with a person or a municipal corporation to furnish to property outside the corporate limits of the first municipal corporation for an adequate consideration, any lawful municipal service which it is furnishing to property within its corporate limits. A municipal corporation may sell and deliver heat, power, and light at wholesale or other than wholesale outside its corporate limits in such amount as may be determined by the governing body of the utility, *except that sales at other than wholesale shall be limited to the area of any city, village, or township which is contiguous thereto as of the date of this act, and to the area of any other city, village, or township being served as of the date of this act.* [Emphasis supplied.]

The parties agree that defendant's retail sale of electricity to Watertown Township customers is permissible if either of the two statutory conditions is satisfied: (1) Watertown Township is contiguous to the City of Lansing, or (2) defendant was serving the township on the effective date of the act (June 20, 1974), without regard to contiguity.

Plaintiff first claims that the trial court erred in granting defendant's motion for summary disposition because the township and the City of Lansing, which share only a common corner, i.e., they touch

at one point, are not "contiguous" as required by § 3. We disagree.

No definition of the word "contiguous" is contained within the statute. Under these circumstances, the word must be afforded its plain and ordinary meaning. MCL 8.3a; MSA 2.212(1); *People v Tracy,* 186 Mich App 171, 176; 463 NW2d 457 (1990). Where, as here, a term is not defined by the statute in which it appears, it is appropriate for this Court to review the dictionary definition of the word. *Ludington Service Corp v Comm'r of Ins,* 194 Mich App 255, 261; 486 NW2d 120 (1992); *People v Downey,* 183 Mich App 405, 409; 454 NW2d 235 (1990). *The Random House College Dictionary: Revised Edition* (1988), p 290 defines "contiguous" as "1. touching; in contact. 2. in close proximity without touching; near." The "point contiguity" in this case satisfies the common dictionary definition of the term "contiguous."

Clearly, the point of contact between the southeast corner of Watertown Township and the northwest corner of the City of Lansing constitutes a "touching" or "contact" under the standard dictionary definition of the term "contiguous." Furthermore, we find nothing in § 3 itself that would negate this interpretation. We do not believe that the trial court committed a clear legal error in its interpretation of § 3 in that we agree that the "point contiguity" in this case satisfies the contiguity requirement of § 3.

Our resolution of this issue being dispositive, we need not address the alternative claim raised by plaintiff on appeal.

Affirmed.