LISTANSKI v CANTON TOWNSHIP

WILLIAMS v REDFORD TOWNSHIP

MOCERI v CANTON TOWNSHIP

Docket Nos. 100808, 104006, 104007. Argued April 10, 1996 (Calendar Nos. 3-4). Decided July 30, 1996. Rehearing denied 453 Mich 1204.

Ethel and Raymond Listanski brought an action in the Wayne Circuit Court against Canton Charter Township, alleging that Ethel's injuries were caused because a sidewalk adjacent to a county road located in the township was not in reasonable repair. The court, Marianne O. Battani, J., granted summary disposition for the defendant on the ground of governmental immunity. The Court of Appeals, Hood, P.J., and R. J. Danhof, J. (J. Stempien, J., dissenting), affirmed, holding that because the township did not have jurisdiction over the sidewalk, the highway exception to governmental immunity did not apply (Docket No. 154045). The plaintiffs appeal.

Judith Williams brought an action in the Wayne Circuit Court against Redford Township for injuries sustained on a sidewalk located along a road over which Wayne County has jurisdiction because of the township's failure to reasonably maintain the sidewalk. The court, Sharon Tevis Finch, J., dismissed the case, finding that the township had no duty to construct and repair or maintain sidewalks. The Court of Appeals, White, P.J., and Brennan and G. B. Ford, JJ., affirmed in a special order, stating that it was required by Administrative Order No. 1994-4 to follow *Listanski v Canton Charter Twp*, 206 Mich App 356 (1994) (Docket No. 154658).

Priscilla and Leo Moceri brought an action in the Wayne Circuit Court against Canton Charter Township for injuries sustained by Priscilla arising out of its failure to maintain a sidewalk adjacent to a county highway. The court, Michael J. Callahan, J., denied the defendant's motion for summary disposition. The Court of Appeals, Reilly, P.J., and Wahls and M. A. Chrzanowski, JJ., reversed in a special order per curiam, because it was constrained to do so by *Listanski* (Docket No. 155596).

The Court of Appeals consolidated *Williams* and *Moceri* and convened a special panel to resolve the conflict between those cases and *Listanski*. The Court, Murphy, P.J., and McDonald, Marilyn Kelly, Connor, Fitzgerald, Hoekstra, and Markman, JJ.,

vacated the opinions in *Williams* and *Moceri,* reversed the circuit court's grant of summary disposition in *Williams,* and affirmed the circuit court's denial of summary disposition in *Moceri,* and remanded the cases, holding that a township has a duty to maintain sidewalks pursuant to MCL 691.1402(1); MSA 3.996(102)(1) and MCL 691.1401(e); MSA 3.996(101)(e), even sidewalks along county or state roads (Docket Nos. 154658, 155596). Listanski and Redford and Canton Townships appeal.

In an opinion by Justice CAVANAGH, joined by Chief Justice BRICKLEY, and Justices LEVIN and MALLETT, the Supreme Court *held*:

A township has jurisdiction over public sidewalks located along county roads within the township sufficient to support a cause of action against the township under the highway exception for failure to maintain them in reasonable repair. A township thus can be held liable under MCL 691.1402; MSA 3.996(102) for injuries occurring on public sidewalks abutting county roads within its boundaries.

Analysis of the Michigan Constitution, statutes, and common law on this issue leads to the conclusion that the Legislature intended municipalities to retain reasonable control over sidewalks within their boundaries, as long as the control pertains to local concerns and does not interfere with the state or counties' control over their highways. The Legislature's reenactment of legislation providing the township with authority to construct and maintain sidewalks years after the McNitt act demonstrates that it did not intend the McNitt act to transfer the duty to maintain sidewalks to the county. Further, consistent with public policy and the overall legislative scheme, treating townships the same as cities ensures that persons injured on township sidewalks abutting a state or county road are not within the only class of persons without a remedy against a governmental agency.

Justice BOYLE, concurring, agreed with the result and rationale of the majority insofar as they apply to townships.

*Listanski* reversed and remanded.

The decision of the special panel in *Williams* and *Moceri* affirmed and remanded.

Justice WEAVER, dissenting, stated that a township cannot be held liable for injuries sustained because of the condition of a public sidewalk located beside a county road within a township's boundaries.

MCL 691.1402(1); MSA 3.996(102)(1) provides that it is the duty of the state and the county road commissions to repair and maintain highways. The liability for failure to do so extends only to the improved portion of the highway designed for vehicular travel; it

does not include sidewalks. Although MCL 691.1401(e); MSA 3.996(101)(e) includes sidewalks within its definition of highway, it is clear from the statutory definition of "highway" that a sidewalk is not to be treated as a highway for purposes of the governmental immunity exception. Rather, the term is to be construed as encompassing certain features adjacent to the traveled portion of the roadway, including sidewalks. Because MCL 691.1402(1); MSA 3.996(102)(1) is an exception to a broad grant of governmental immunity, it must be strictly construed. Accordingly, the governmental entity that has jurisdiction over the road also has exclusive jurisdiction over the adjacent sidewalk. It follows that a township can be held liable only for injuries sustained on a sidewalk adjacent to a township road, not for injuries occurring on sidewalks adjacent to county or state roads.

Each governmental agency having jurisdiction over any highway must maintain and be liable for the highway. The state and counties are only obligated to maintain and be liable for those portions of the improved portion of the highway designed for vehicular traffic, a lesser burden. Because the highway exception is clear, there is no need to go beyond the four corners of the statute to examine the historical liability for sidewalks. For purposes of the statute, sidewalks are not to be considered individually, but only as part of the highway when they are adjacent to a public road. There is no reason for cities to be held liable for injuries sustained on sidewalks adjacent to county or state roads.

Justice RILEY, dissenting, stated that the defendants did not have sufficient jurisdiction over the sidewalks in question. This jurisdiction cannot be established because the defendants simply did not have the requisite level of control. Without such control, the defendants did not have jurisdiction, and, thus, they cannot be held liable under the highway exception to governmental immunity.

MCL 691.1402(1); MSA 3.996(102)(1) imposes on governmental agencies liability for maintaining highways within their jurisdictions. Jurisdiction connotes some form of control. Because the sidewalks in these cases butted up against the county roads and were contained within the right of way, any construction, repair, or maintenance on the sidewalks performed by anyone needed approval of the county. It is this blanket of authority vested in the county that demonstrates that the county, and not the townships, has control and jurisdiction over the sidewalks. Merely having the duty to maintain a sidewalk does not necessarily establish the requisite level of jurisdiction.

206 Mich App 356; 523 NW2d 229 (1994) reversed and remanded.

*Ronald A. Steinberg* for the plaintiffs in *Listanski*.

*Lopatin, Miller, Freedman, Bluestone, Herskovic & Heilmann* (by *Lee R. Franklin*) for the plaintiff in *Williams*.

*Stern, Cohan & Stern* (by *Kenneth A. Stern*) and *Bendure & Thomas*, of counsel (by *Mark R. Bendure* and *Victor S. Valenti*), for the plaintiffs in *Moceri*.

*Johnson, Rosati, Galica, Shifman, Labarge, Aseltyne, Sugameli & Field, P.C.* (by *Marcia L. Howe*), for the defendants.

Amici Curiae:

*Bauckham, Sparks, Rolfe & Thomsen, P.C.* (by *John H. Bauckham*), for Michigan Townships Association.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Gerald A. Fisher, William P. Hampton,* and *Thomas R. Schultz*) for Oakland County Association of Township Supervisors, and the Townships of Bloomfield, Highland, Independence, Milford, Oakland, Orion, Waterford, and West Bloomfield.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Mary Massaron Ross*), for Michigan Liability and Property Pool.

CAVANAGH, J. The instant cases present the issue whether townships can be held liable under MCL 691.1402; MSA 3.996(102) for injuries occurring on public sidewalks abutting county roads within the townships' boundaries. After analyzing this issue, we agree with the special panel in *Williams v Redford*

*Twp* [*Williams II*],[1] which adopted the holding and reasoning of *Williams v Redford Twp* [*Williams I*],[2] and held that townships have jurisdiction over public sidewalks located along county roads within the township sufficient to support a cause of action against the township under the highway exception for failure to maintain them in reasonable repair.

## I. FACTS AND PROCEDURAL HISTORY

### A. FACTS

#### 1. *LISTANSKI*

On August 25, 1989, Ethel Listanski was injured on a sidewalk adjacent to a county road[3] located in Canton Township. Ethel and Raymond Listanski brought suit against the township,[4] alleging that the sidewalk was not in reasonable repair, and thus the township was liable for their damages. However, the trial court granted the township summary disposition on the ground of governmental immunity. The Court of Appeals affirmed, holding that the township did not have jurisdiction over the sidewalk, and therefore the highway exception to governmental immunity did not apply. *Listanski* v *Canton Charter Twp*, 206 Mich App 356; 523 NW2d 229 (1994).

---

[1] 210 Mich App 60; 533 NW2d 10 (1995).

[2] 207 Mich App 801; 524 NW2d 458 (1994).

[3] The Listanskis have asserted before this Court that the road in question was not a county road. However, they are precluded from asserting this on appeal because at the trial court the Listanskis conceded that "The county is responsible for the roadway."

[4] The Listanskis also sued the owner of the residence adjacent to the sidewalk, but that suit is not before us.

### 2. *WILLIAMS*

On March 20, 1990, Judith Williams was injured on a sidewalk in Redford Township located along a road over which Wayne County has jurisdiction. She brought suit against the township for failure to reasonably maintain the sidewalk.[5] The circuit court dismissed the suit against the township, finding that the township had no duty to construct and repair or maintain sidewalks. The Court of Appeals initially affirmed the summary judgment in favor of Redmond Township, saying it was required[6] to do so by *Listanski*. *Williams I.*

### 3. *MOCERI*

On April 26, 1990, Priscilla Moceri was injured in Canton Township on a sidewalk that runs adjacent to a county highway. Priscilla and Leo Moceri sued the township for damages arising out of its failure to maintain the sidewalk. The circuit court denied Canton Township's motion for summary disposition on plaintiff's negligence action. The Court of Appeals reversed because it was constrained to do so by *Listanski*. *Moceri v Canton Charter Twp*, 207 Mich App 814; 524 NW2d 458 (1994).

### B. PROCEDURAL HISTORY

The Court of Appeals consolidated *Williams* and *Moceri* and convened a special panel pursuant to Administrative Order No. 1994-4 to resolve the con-

---

[5] Williams also brought suit against Wayne County. The trial court dismissed Wayne County. Williams has not appealed that order.

[6] Administrative Order No. 1994-4, 445 Mich xci, requires a subsequent Court of Appeals panel to follow the rule of law established by a prior published decision of the Court of Appeals.

flict between the reasoning of the panels in *Williams I* and *Moceri* and the decision in *Listanski*. The special panel vacated the prior opinions in these two cases, reversed the grant of summary disposition in *Williams*, affirmed the circuit court's denial of summary disposition in *Moceri*, and remanded. The special panel held that "a township does have a duty to maintain sidewalks pursuant to MCL 691.1402(1); MSA 3.996(102)(1) and MCL 691.1401(e); MSA 3.996(101)(e), even sidewalks along county or state roads." *Williams II.*

This Court granted leave to appeal in all three cases, ordering them to be argued together.

## II. JUSTICE WEAVER'S OPINION

In hastily arriving at her conclusion, Justice WEAVER fails to address the analogous reasoning and holding of *Jones v Ypsilanti*, 26 Mich App 574; 182 NW2d 795 (1970), wherein that Court held that *cities* are exposed to liability for injuries occurring on sidewalks running along a *state* road.[7] Contrary to Justice WEAVER's assertion that the highway exception statute's intent is plain and does not hold local governmental agencies liable for injuries occurring on sidewalks abutting state or county roads within their boundaries,[8] even the *Jones* Court recognized an

---

[7] In doing so, Justice WEAVER cursorily stated:

In this case, the question of a city's liability, as opposed to a township's, is not at issue. Therefore, I do not address whether I would overrule *Jones*. However, I see no reason for cities to be held liable for injuries sustained on sidewalks adjacent to county or state roads. [*Post* at 695.]

[8] Justice WEAVER opines that evidence that would show that townships have historically had jurisdiction over public sidewalks within their boundaries is not relevant to a determination of the application of the

ambiguity over twenty-five years ago when it stated, "It would indeed have been preferable if the statute [§ 2] had spelled out the legislative intent more fully, and thereby rendered unnecessary this labor of construction to close what would otherwise have been an unintended loophole in the law." *Id.* at 582.

Before analyzing the analogous issue in *Jones*, the Court restated the defendant's argument:

> Defendant urges that the 1963 constitution places jurisdiction of state trunkline highways in the state highway department; that highways are defined so as to include sidewalks; that the state has the exclusive responsibility to maintain state trunkline highways and accepts all legal liability for them; and that, therefore, defendant city is relieved of all liability for defects in sidewalks adjacent to Michigan Avenue as it passes through the city. [*Jones* at 576 (citations omitted).]

We emphasize that this argument directly tracks the reasoning that Justice WEAVER employs to hold that the defendant townships are not liable in these cases. However, we find that reasoning untenable because, as the *Jones* Court so eloquently stated, "This interpretation oversimplifies the question that is before the Court." *Id.* We posit that it is an oversimplification primarily because the highway exception does *not* clearly set forth *local* governmental liability for sidewalks abutting state or county roads.

---

Legislature's waiver of governmental immunity, asserting that the "Legislature has made its intent plain." She continues: "Because the highway exception statute is clear, there is no need to go beyond the four corners of the statute and examine the historical liability for sidewalks." *Post* at 695. However, as discussed in our opinion, this position, in our view, is incorrect.

Justice WEAVER's position that the Legislature made its intent plain in the language of the highway exception is unsupportable. The exception limits the liability of the state and counties to the improved portion of the road designed for vehicular travel, and provides that they will not be liable for sidewalks that abut these roads. However, the statute does not explicitly provide that local governmental agencies are liable for sidewalks abutting state or county roads within their boundaries.[9] Thus, we find Justice WEAVER's analysis inadequate for the resolution of the issue before this Court.

Like the *Jones* Court, this Court must consider an extensive analysis and historical review of the constitution, statutes, and common law regarding a township's liability for sidewalks before it dismisses the plaintiffs' argument.[10] Of particular importance, the

---

[9] Although Justice WEAVER acknowledges the plaintiffs' argument that a township has jurisdiction over any sidewalk that passes through its boundaries, she summarily dismisses it, stating "I would find that the governmental entity that has jurisdiction over the road also has *exclusive* jurisdiction over the adjacent sidewalk. Thus, under MCL 691.1402(1); MSA 3.996(102)(1) a township can be held liable only for injuries sustained on a sidewalk adjacent to a township road, not for those occurring on sidewalks adjacent to county or state roads." *Post* at 694 (emphasis added).

[10] We agree with *Williams I* that

[i]t appears to have been the clear intent of the Legislature, in incorporating the older statutes regarding municipal liability for recovery of damages due to defects in highways, including sidewalks within the municipality's jurisdiction, to retain township liability where formerly applicable. Thus, under § 2, a township may be held liable for defects in sidewalks within its jurisdiction.

The contrary interpretation, which assigns to the county total jurisdiction over all roads within a township, including those portions, such as sidewalks, as to which the county owes no duty and has no liability, renders the application of § 2 to townships virtually nugatory. Because the Legislature specifically included townships in the municipalities to which liability for highway defects attaches,

Court noted in *Williams II* that Const 1963, art 7, § 29 left control of township streets and public places to the control of townships. Additionally, the Court also noted that subsection 2(1) provides that townships are responsible for maintaining their sidewalks. Thus, the highway exception's provision of state or county jurisdiction over sidewalks that abut state or county roads does not clearly or necessarily eliminate the local municipalities' longstanding jurisdiction over sidewalks that run through their boundaries.

---

we cannot conclude that this contrary interpretation correctly construes the Legislature's intent. If the townships were relieved of all responsibility for not only roads but all installations within the right of way of roads taken over by the county under the McNitt act, then there would have been no reason for the Legislature to include townships in § 2, or for townships to have been included in Const 1963, art 7, § 29. [Note 2 *supra* at 812-813.]

Thus, we reject and find no support for the townships' argument that when the Legislature repealed MCL 242.1; MSA 9.591 in 1964 PA 170 (the current governmental immunity act), it meant to abolish the liability that it had historically imposed on townships and other municipalities.

Additionally, there is no reason in logic or policy for the Legislature to have, in 1986, retained city responsibility to repair and maintain sidewalks along city roads, but eliminated city and township responsibility for repair and maintenance of sidewalks along state or county roads. See *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984). We note that cities like Detroit, Grand Rapids, Lansing, and Traverse City are not relieved of responsibility or liability for sidewalks in the right of way of city streets. Thus, we would not attribute to the Legislature an intent to relieve Detroit of responsibility for maintaining, and liability for failure to maintain, sidewalks along 8 Mile, Woodward Avenue (state roads), 7 Mile, 6 Mile, Greenfield and Outer Drive (county roads), when it undisputably did not relieve Detroit of responsibility and liability respecting sidewalks along city streets such as Livernois, Wyoming, Schaefer (Tireman to 8 Mile in Detroit), Evergreen, Puritan (5½ Mile), Curtis (6½ Mile), Parkside, Mark Twain and countless other city streets in Detroit. (These roads are labeled state, county, or city roads on the basis of information provided by the City of Detroit Transportation Department.)

### III. JUSTICE RILEY'S OPINION

Justice RILEY goes one step further than Justice WEAVER and correctly recognizes that townships would be liable for negligently maintained sidewalks if they had jurisdiction over sidewalks within their boundaries. However, we believe she errs when she concludes that townships do not have jurisdiction.

She reasons that because the county would have to approve any construction, repair, or maintenance of the sidewalks by the township in the county's right of way, then townships do not have sufficient control over the sidewalks to establish the requisite jurisdiction.[11] Although Justice RILEY acknowledges that *Jones* requires a different result, she summarily discards a twenty-six-year-old decision of the Court of Appeals. Similarly, her analysis ignores both the *Williams I* and *Williams II* decisions, which completely and persuasively refute her exclusive jurisdiction proposition.

### IV. *WILLIAMS I*

After an extensive analysis of the Michigan Constitution, statutes, and case law, the Court in *Williams I* stated:

---

[11] This argument is unpersuasive. There are a number of reasons to require state or county approval of construction, repair, or maintenance of township sidewalks, none of which supports the conclusion that townships do not have control of, or liability for, the sidewalks. For example, the state or county may have plans for the road that would affect the sidewalk in its right of way, i.e., building additional lanes. Unless the township is required to seek state or county approval, large sums of money may be expended to construct, repair, or maintain a sidewalk that will have to be removed when the planned additional lanes are installed. Also, the state and county have an interest in assuring that the sidewalks are located at a sufficient distance from the improved portion of the highway and shoulders so that the sidewalks are safely located and will not add to the burden and cost of maintaining the improved portion of the highway.

> We conclude that townships historically have been responsible for the maintenance and repair of sidewalks within their jurisdictional boundaries and that the statutes transferring jurisdiction over township roads to counties and requiring townships to obtain the approval of the governmental authority having jurisdiction over the highway being improved by the installation or repair of a sidewalk before the improvement is made were not intended to, and did not, transfer the township's duty to maintain sidewalks to the state or county, or relieve the township from liability for the failure to discharge that duty. [*Id.* at 802.][12]

The Court emphasized that "townships have continued to retain the authority to build and maintain sidewalks along roads within their geographical jurisdiction, notwithstanding that pursuant to the McNitt act, the townships do not have jurisdiction over the roads themselves." *Id.* at 807.

### V. *WILLIAMS II*

As further support for the *Williams I* holding, the *Williams II* Court noted that recent decisions of this Court support the plaintiffs' position. In *Mason v Wayne Co Bd of Comm'rs*, 447 Mich 130, 136, n 6; 523 NW2d 791 (1994), a case which decided a different issue under the highway exception, Justice BOYLE (BRICKLEY, RILEY, and GRIFFIN, JJ., concurring), opined on the sidewalk liability issue:

> It appears that the purpose of this . . . sentence, . . . is to allocate responsibility for sidewalks and crosswalks to local governments, including townships, cities, and villages. This had been the arrangement before 1964 (when the statute at issue was enacted). [*Id.* (emphasis added).]

---

[12] For a more in-depth analysis, see *Williams I.*

Justice BOYLE also advanced the same interpretation in *Chaney v Transportation Dep't*, 447 Mich 145, 172, n 2; 523 NW2d 762 (1994), wherein she stated:

> The duty to maintain and repair sidewalks and crosswalks falls on local governments, including cities, villages, and townships. See *Mason v Wayne Co Bd of Comm'rs*, 447 Mich 130, 136, n 6; 523 NW2d 791 (1994). [*Id.* (emphasis added).]

In addition to Justices BOYLE, RILEY, and BRICKLEY, Justices LEVIN and MALLETT also appear to agree that townships have a duty to maintain and repair sidewalks within their boundaries. In Justice LEVIN's dissent in *Chaney* (MALLETT, J., concurring), he stated:

> The responsibility for repair and maintenance of sidewalks and crosswalks, under the 1879/1887 and subsequent statutes, had been imposed on townships and cities. [*Id.* at 202.]

Thus, townships are liable for injuries occurring on sidewalks that abut state or county roads as a result of their negligent failure to maintain their sidewalks in reasonable repair.

### VI. CONCLUSION

After analyzing the Michigan Constitution, statutes, and common law on this issue, we believe that the Legislature intended municipalities to retain reasonable control over sidewalks within their boundaries, as long as the control pertains to local concerns and does not interfere with the state or counties' control over their highways. The Legislature's reenactment of legislation providing the township with authority to construct and maintain sidewalks years after the

McNitt act demonstrates that it did not intend the McNitt act to transfer the duty to maintain sidewalks to the county. Further, our conclusion is consistent with public policy and the overall legislative scheme. It treats townships the same as cities, and ensures that those persons injured on township sidewalks abutting a county road are not within the only class of persons without a remedy against a governmental agency. Because we believe the Legislature intended townships to be subject to liability for injuries occurring as a result of a failure to maintain sidewalks within their boundaries, we would remand these cases to their respective circuit courts for trial.

BRICKLEY, C.J., and LEVIN and MALLETT, JJ., concurred with CAVANAGH, J.

BOYLE, J. I agree with the result and rationale insofar as they apply to townships.

WEAVER, J. (*dissenting*). The issue before this Court is whether a township can be held liable under MCL 691.1402; MSA 3.996(102) for injuries sustained because of the condition of a public sidewalk located beside a county road within a township's boundaries. I would hold that a township cannot be held liable for such injuries.

On August 25, 1989, Ethel Listanski was injured on a sidewalk adjacent to a county road[1] located in Canton Township.

---

[1] The Listanskis have asserted before this Court that the road in question was not a county road. However, they are precluded from asserting this on appeal because at the trial court the Listanskis conceded that "The county is responsible for the roadway."

On March 20, 1990, Judith Williams was injured on a sidewalk in Redford Township located along a road over which Wayne County has jurisdiction.

On April 26, 1990, Priscilla Moceri was injured in Canton Township on a sidewalk that runs adjacent to a county highway.

I

The sole issue before this Court is the construction of the governmental tort liability act.

All three plaintiffs were injured on public sidewalks. Normally, the townships would be insulated from liability for such an occurrence on the ground of governmental immunity. A township's construction and maintenance of sidewalks within its boundaries is the performance of a governmental function. This performance or nonperformance of an authorized activity entitles it to absolute immunity from tort liability. *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984). The Legislature has conferred on governmental agencies a broad grant of immunity, with certain narrowly drawn statutory exceptions that are to be strictly construed. MCL 691.1407; MSA 3.996(107), *Scheurman v Dep't of Transportation*, 434 Mich 619, 627; 456 NW2d 66 (1990).

Here, plaintiffs assert that they are proceeding under a statutory exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1), which provides:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his or her

property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him or her from the governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21 of chapter IV of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Michigan Compiled Laws. The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel.

For the purposes of this statute the term "highway" is defined to include sidewalks under MCL 691.1401(e); MSA 3.996(101)(e): " 'Highway' means every public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway. The term highway does not include alleys, trees, and utility poles." ·

The plaintiffs argue, and the majority agrees, that because the state and county are expressly excluded from liability for sidewalks adjacent to roads under their jurisdiction, MCL 691.1402(1); MSA 3.996(102)(1), the township should be construed to have jurisdiction over any sidewalk that passes through its boundaries. I disagree. It is clear from the statute defining "highway" that a sidewalk is not to be treated as a highway for the purposes of the governmental immunity exception. Rather, the term "highway" is to be construed as encompassing certain features adjacent to the traveled portion of the roadway,

including sidewalks. Because MCL 691.1402(1); MSA 3.996(102)(1) is an exception to a broad grant of governmental immunity, the Court must strictly construe the conditions and restrictions of the statute. *Scheurman, supra.*

Accordingly, I would find that the governmental entity that has jurisdiction over the road also has exclusive jurisdiction over the adjacent sidewalk. Thus, under MCL 691.1402(1); MSA 3.996(102)(1) a township can be held liable only for injuries sustained on a sidewalk adjacent to a township road, not for those occurring on sidewalks adjacent to county or state roads.

II

The statute sets out a general rule, that each governmental agency having jurisdiction over any highway must both maintain and be liable for the highway. This rule is then modified for the state and the counties; they are only obligated to maintain and be liable for those portions of the improved portion of the highway designed for vehicular traffic—a lesser burden. See *Scheurman, supra.*

I recognize plaintiffs' arguments that the statute results in there being no governmental agency that is required either to maintain or be liable for sidewalks adjacent to county and state roads. However, this is a policy decision made by the Legislature, with which this Court cannot interfere.

I appreciate the extensive analysis and historical review of the Michigan Constitutions, statutes, and common law advanced by plaintiffs in an attempt to show that townships have historically had jurisdiction over public sidewalks within their boundaries. How-

ever, this is not relevant for the purposes of determining the application of the Legislature's waiver of governmental immunity when it has made its intent plain. Because the highway exception statute is clear, there is no need to go beyond the four corners of the statute and examine the historical liability for sidewalks. For the purposes of this statute sidewalks are not to be considered individually, but only as part of the highway when they are adjacent to a public road.

Plaintiffs assert that townships should be treated the same as cities with respect to sidewalks along roads or highways under the jurisdiction of another governmental unit, citing *Jones v Ypsilanti*, 26 Mich App 574; 182 NW2d 795 (1970). In *Jones*, a city was found to be liable under MCL 691.1401; MSA 3.996(101) for a sidewalk running along a state road. In this case, the question of a city's liability, as opposed to a township's, is not at issue. Therefore, I do not address whether I would overrule *Jones*. However, I see no reason for cities to be held liable for injuries sustained on sidewalks adjacent to county or state roads.

### CONCLUSION

I would relinquish jurisdiction and remand the three cases to the trial courts to either enter or reinstate appropriate orders of summary disposition, in accordance with this opinion. I would affirm the decision of the Court of Appeals in *Listanski* and reverse the Court of Appeals decision in *Williams* and *Moceri*.

RILEY, J. (*dissenting*).

I

I disagree with the majority's conclusion that the defendants had sufficient jurisdiction over the sidewalks to support plaintiffs' cause of action. The majority concludes:

> After analyzing this issue, we agree with the special panel in *Williams v Redford Twp* [*Williams II*] [210 Mich App 60; 533 NW2d 10 (1995)], which adopted the holding and reasoning of *Williams v Redford Twp* [*Williams I*] [207 Mich App 801; 524 NW2d 458 (1994)], and held that townships have jurisdiction over public sidewalks located along county roads within the township sufficient to support a cause of action against the township under the highway exception for failure to maintain them in reasonable repair. [*Ante* at 681-682.]

I dissent.

The highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1), provides in relevant part:

> *Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel.* Any person sustaining bodily injury or damage to his or her property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him or her from the governmental agency. . . . *The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks,* crosswalks, or

any other installation outside of the improved portion of the highway designed for vehicular travel. [Emphasis added.]

Specifically, this statute imposes on governmental agencies liability for maintaining highways within their "jurisdiction[s]." A township is obviously a governmental agency, and a sidewalk can be a highway. In fact, MCL 691.1401(e); MSA 3.996(101)(e) provides a definition for the term highway.

> "Highway" means every public highway, road, and street which is open for public travel and shall include bridges, *sidewalks*, crosswalks, and culverts on any highway. The term highway does not include alleys, trees, and utility poles. [Emphasis added.]

Thus, the question becomes whether defendants had "jurisdiction" over the sidewalks. Unfortunately, the term "jurisdiction" is not defined within the statute. Generally, when a term is not defined, its plain and ordinary meaning is applied. *Consumers Power Co v Lansing Bd of Water & Light*, 200 Mich App 73, 76; 503 NW2d 680 (1993). Such meaning can be found by consulting the dictionary. *Nalepa v Plymouth-Canton Community School Dist*, 207 Mich App 580, 586; 525 NW2d 897 (1994). An examination of the *Random House Dictionary of the English Language: Second Unabridged Edition* reveals that "jurisdiction" is defined as:

> 1. the right, power, or authority to administer justice by hearing and determining controversies. 2. power; authority; *control* . . . .

Furthermore, this Court has defined jurisdiction as "the power to act." *State Hwy Comm'r v Gulf Oil*

*Corp*, 377 Mich 309, 312; 140 NW2d 500 (1966). All
these definitions lead to one conclusion, "jurisdiction"
connotes some form of control.

The question then becomes whether defendants
had sufficient control over these sidewalks to estab-
lish the requisite "jurisdiction." Part of the answer to
this query can be found by looking at the language
contained in MCL 41.288a(3); MSA 9.585(4)(3).

> If the board determines that the construction, repair, or
> maintenance of sidewalks is necessary, it may construct,
> repair, or maintain the sidewalks and assess the costs to
> the property involved, payable over a 5-year period, or per-
> mit the owners of the property involved to have the side-
> walks constructed, repaired, or maintained according to
> township specifications at their own expenses. *Sidewalks
> constructed, repaired, or maintained under this section on
> the right-of-way of state highways or county roads must
> have the approval of the state or county highway authority
> having jurisdiction over the highway or road.* [Emphasis
> added.]

Right of way is then defined in MCL 324.82101(1);
MSA 13A.82101(1) as "that portion of a highway or
street less the roadway and any shoulder." Here, the
sidewalks butted up against the county roads and
were contained within the right of way. Consequently,
any construction, repair, or maintenance on the side-
walks performed by defendants or anyone would
have to be approved by the county. "In support of this
allegation, defendant submitted the affidavit of Tom
Casari, the engineer for Canton Township." *Listanski
v Canton Twp*, 206 Mich App 356, 358; 523 NW2d 229
(1994). Casari stated:

> Canton Township may not construct, repair or maintain
> any sidewalk within its geographical boundaries without

first obtaining a permit from the Wayne County Office of Public Services, if along a county road, or from the Michigan Department of Transportation, if along a state highway.

It is this blanket of authority vested in the county that demonstrates that the county, and not the townships, has control and jurisdiction over the sidewalks.

In order to support this conclusion, I look to a recent Court of Appeals case, *Markillie v Livingston Co Rd Comm'rs*, 210 Mich App 16; 532 NW2d 878 (1995). In *Markillie*, an automobile accident occurred at the intersection of Latson Road (a county road) and M-59 (a state highway).[1] The plaintiff subsequently filed a complaint against the county, claiming negligence in the design, construction, inspection, and maintenance of the intersection. The Court of Appeals found for the defendant because it did not have any control over this intersection. In arriving at this conclusion, the Court of Appeals examined the highway exception to governmental immunity and noted that the term "jurisdiction" connoted some form of control.

> In light of the above definitions, we believe that the trial court properly equated "jurisdiction" with "control." This definition is consistent with the Legislature's purpose in enacting the highway exception to governmental immunity. The Legislature's goal was to keep public highways "reasonably safe and convenient for public travel." MCL 691.1402(1); MSA 3.996(102)(1). That objective will be served by limiting liability for a defective highway to the entity with the authority to construct, maintain, and repair it. We therefore hold that the word "jurisdiction" in MCL

---

[1] On August 16, 1990, a seventeen-year-old girl was traveling north on Latson Road when she ran a stop sign at its intersection with M-59 and her car was struck. The impact was so severe that the girl was killed.

691.1402(1); MSA 3.996(102)(1) is synonymous with "control." [*Id.* at 21-22.]

The county, however, did not possess this type of control because it had to go to the Department of Transportation for approval to pave Latson Road. Specifically, the defendant had to obtain a permit before it could begin the construction.

> In order to perform construction on the intersection in the course of paving Latson Road, defendant had to obtain a permit from the MDOT. Defendant submitted its work plans for the MDOT's approval. In 1992 (after the accident involving Carrie Anne Markillie), the MDOT rebuilt the intersection of M-59 and Latson Road without seeking the permission of any other entity. . . . Accordingly, the trial court did not err in granting defendant's motion for summary disposition. [*Id.* at 22.]

In the present case, a similar situation is presented. Like the defendant in *Markillie*, defendants in the instant matter were required to seek the approval of a higher authority before beginning construction or modification on any of the sidewalks involved in the injuries. Consequently, they likewise did not possess the requisite level of control over the sidewalks to establish their jurisdiction.[2]

Plaintiffs, however, argue that this Court should instead look to an older Court of Appeals case. In *Jones v Ypsilanti*, 26 Mich App 574; 182 NW2d 795 (1970), the plaintiff was injured when she tripped on an allegedly defective sidewalk that adjoined Michi-

---

[2] The townships may have the burden of maintaining the sidewalks, but the county in *Markillie* paved the intersection and still did not have control. Merely fixing the sidewalk or performing the work does not necessarily demonstrate control.

gan Avenue, a state trunkline highway, in the City of Ypsilanti. The Court of Appeals found that the defendant was indeed responsible for the maintenance of the sidewalk and, as a result, was liable to the plaintiff.

> Defendant City of Ypsilanti on November 22, 1966, was responsible for the maintenance of the sidewalk in question and liable to plaintiff for the negligent failure to maintain sidewalk. [*Id.* at 581.]

The facts of that case are similar to those presented in the instant case. However, I believe that the Court in *Jones* came to the wrong conclusion. Merely having the duty to maintain a sidewalk does not necessarily establish the requisite level of "jurisdiction." As a result, I would overrule *Jones*.

II

The majority reaches the wrong conclusion by finding that defendants had sufficient jurisdiction over these sidewalks. In my opinion, this jurisdiction cannot be established because defendants simply did not have the requisite level of control. Without such control, the defendants did not have jurisdiction. Thus, they cannot be held liable under the highway exception to governmental immunity.

I would remand these cases to the trial courts for entering or reinstating the proper orders of summary disposition.