## ROBINSON v CITY OF LANSING

Docket No. 282267. Submitted February 3, 2009, at Lansing. Decided
    March 5, 2009, at 9:10 a.m. Leave to appeal sought.

    Barbara A. Robinson brought an action in the Ingham Circuit Court
    against the city of Lansing, seeking damages for injuries sustained
    when she tripped and fell on a sidewalk adjacent to Michigan Avenue,
    a state trunk line highway, in Lansing. The plaintiff alleged that the
    city breached its duty under MCL 691.1402(1) to maintain the
    sidewalk in reasonable repair and in a condition reasonably safe for
    public travel. The city answered and moved for summary disposition,
    asserting the defense of governmental immunity and relying on the
    "two-inch" rule set forth in MCL 691.1402a(2), which provides a
    rebuttable inference of reasonable repair by a municipal corporation
    where a discontinuity defect of a sidewalk is less than two inches. The
    plaintiff moved to strike the defense to the extent that it relied on the
    two-inch rule, asserting that the rule only applied to sidewalks
    adjacent to county highways. The court, Thomas L. Brown, J.,
    granted the motion to strike and the defendant's subsequent motion
    for summary disposition. The defendant appealed.

    The Court of Appeals *held*:

    Although MCL 691.1402a(1) clearly refers and applies to side-
    walks adjacent to county highways, MCL 691.1402a(2) does not
    contain language that would limit its application to only sidewalks
    adjacent to county highways. MCL 691.1402a(2) applies to this case
    and, therefore, there is a rebuttable inference that the city main-
    tained in reasonable repair the sidewalk on which the plaintiff fell.
    The unpublished opinion per curiam of the Court of Appeals on which
    the trial court relied did not specifically address the language of
    subsection 2 and should not have been relied on in denying the
    defendant's motion. The city should have been allowed to raise the
    two-inch rule as a defense. The order denying the city's motion for
    summary disposition must be reversed and the case must be re-
    manded to the trial court so that it may address the remaining issues.

    Reversed and remanded.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — MUNICIPAL CORPORATIONS —
SIDEWALKS — DISCONTINUITY DEFECTS — REASONABLE REPAIR — REBUT-
TABLE INFERENCES OF REASONABLE REPAIR.

MCL 691.1402a(2), which provides a rebuttable inference of reason-
able repair by a municipal corporation where a discontinuity
defect of a sidewalk is less than two inches, is not limited in its
application to sidewalks adjacent to county highways and it applies
to sidewalks adjacent to any public highway, road, or street that is
open for public travel (MCL 691.1401[e]).

*Sinas, Dramis, Brake, Boughton & McIntyre, P.C.* (by
*Michael E. Larkin* and *Steven A. Hicks*), for the plaintiff.

*Plunkett Cooney* (by *Christine D. Oldani* and *David
K. Otis*) for the defendant.

Before: WHITBECK, P.J., and O'CONNELL and OWENS, JJ.

PER CURIAM. Defendant, city of Lansing, appeals as of
right from the trial court's order denying its motion for
summary disposition pursuant to MCR 2.116(C)(7) (gov-
ernmental immunity).[1] We decide this appeal without
oral argument pursuant to MCR 7.214(E). We reverse
and remand.

### I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff, Barbara Robinson, tripped on a sidewalk
adjacent to Michigan Avenue, a state trunk line high-
way, in Lansing and filed suit. Robinson alleged that the
city breached its duty under MCL 691.1402(1) to main-
tain the sidewalk in reasonable repair and in a condi-
tion reasonably safe for public travel.

The city answered and moved for summary disposi-
tion under MCR 2.116(C)(7) (the defense of governmen-

---

[1] An order denying summary disposition based on governmental im-
munity is a final order from which a party may appeal as of right. MCR
7.202(6)(a)(v); *Costa v Community Emergency Med Services, Inc*, 475
Mich 403, 413; 716 NW2d 236 (2006).

tal immunity), arguing that Robinson had not shown that the sidewalk was not in reasonable repair, and relying on the "two-inch" rule set forth in MCL 691.1402a(2). MCL 691.1402a(2) provides a rebuttable inference of reasonable repair by a municipal corporation where a discontinuity defect of a sidewalk is less than two inches. Robinson then brought a motion to strike the city's defense to the extent it relied on the two-inch rule, arguing that MCL 691.1402a only applied to sidewalks next to county highways, not state trunk line highways like Michigan Avenue. The city responded, arguing that legislative history and subsequent caselaw supported its claim that the statute provided a rebuttable inference of reasonable repair by municipal corporations for any discontinuity defects of less than two inches in sidewalks adjacent to any public roadway, including state trunk line highways, city streets, and county roads. The trial court granted the motion to strike.

Thereafter, the trial court heard the city's motion for summary disposition. Although in its brief in support of the motion the city argued that, regardless of the two-inch rule, Robinson had not sufficiently pleaded that the sidewalk was not in reasonable repair and not reasonably safe for public travel, the city at the motion hearing argued only that the two-inch rule should apply. The trial court denied the motion "in view of the court's granting [Robinson's motion regarding the two-inch rule]." The trial court made no other finding that the sidewalk was not in reasonable repair and was unsafe for public travel.

## II. THE TWO-INCH RULE

### A. STANDARD OF REVIEW

On appeal, the city does not dispute that it has jurisdiction over the sidewalk adjacent to Michigan

Avenue. Instead, it argues that the trial court erred in relying entirely on *Darity v Flat Rock*[2] to deny its motion for summary disposition because the two-inch rule was not at issue in that case and nothing in the plain language of MCL 691.1402a(2) limits its application to sidewalks adjacent to county roads.

MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law. To survive a C(7) motion raised on this ground, the plaintiff must allege facts warranting the application of an exception to governmental immunity.[3] Neither party is required to file supportive material; any documentation that is provided to the court, however, must be admissible evidence.[4] The plaintiff's well-pleaded factual allegations, affidavits, or other admissible documentary evidence must be accepted as true and construed in the plaintiff's favor, unless the movant contradicts such evidence with documentation.[5] We review de novo a trial court's denial of summary disposition.[6] Further, the proper interpretation of a statute and determination of the applicability of the highway exception to governmental immunity are questions of law that we also review de novo on appeal.[7]

### B. PRINCIPLES OF STATUTORY CONSTRUCTION

When construing a statute, this Court must not read into a clear statute anything that is not within the

---

[2] *Darity v Flat Rock*, unpublished opinion per curiam of the Court of Appeals, issued February 21, 2006 (Docket No. 256481).

[3] *Smith v Kowalski*, 223 Mich App 610, 616; 567 NW2d 463 (1997).

[4] *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

[5] MCR 2.116(G)(5); *Maiden, supra* at 119; *Smith, supra* at 616.

[6] *Stevenson v Detroit*, 264 Mich App 37, 40; 689 NW2d 239 (2004).

[7] *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 631; 563 NW2d 683 (1997); *Stevenson, supra* at 40-41.

manifest intention of the Legislature as derived from the language of the statute itself.[8] If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted.[9]

### C. THE HIGHWAY EXCEPTION

· The governmental immunity act[10] provides "broad immunity from tort liability to governmental agencies whenever they are engaged in the exercise or discharge of a governmental function[.]"[11] However, MCL 691.1402(1) provides that "each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel." And MCL 691.1401(e) defines "[h]ighway" as "a public highway, road, or street that is open for public travel and includes bridges, *sidewalks*, trailways, crosswalks, and culverts on the highway." (Emphasis added.) Therefore, as an exception to governmental immunity, "[a] person who sustains bodily injury . . . by reason of failure of a governmental agency to keep a highway [including a sidewalk] under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency."[12]

---

[8] *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002); *Bay Co Prosecutor v Nugent*, 276 Mich App 183, 189; 740 NW2d 678 (2007).

[9] *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005).

[10] MCL 691.1401 *et seq.*

[11] *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 595; 363 NW2d 641 (1984); see MCL 691.1407(1).

[12] MCL 691.1402(1).

As stated, there is no dispute that the city has jurisdiction over the sidewalk adjacent to Michigan Avenue and therefore must keep it "in reasonable repair so that it is reasonably safe and convenient for public travel."[13] The salient question, however, is whether the city is entitled to assert as a defense the two-inch rule set forth in MCL 691.1402a(2).

### D. MCL 691.1402a

MCL 691.1402a provides:

(1) Except as otherwise provided by this section, a municipal corporation has no duty to repair or maintain, and is not liable for injuries arising from, *a portion of a county highway*[14] outside of the improved portion of the highway designed for vehicular travel, including a sidewalk, trailway, crosswalk, or other installation. This subsection does not prevent or limit a municipal corporation's liability if both of the following are true:

(a) At least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of a defect in a sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel.

(b) The defect described in subdivision (a) is a proximate cause of the injury, death, or damage.

(2) A discontinuity defect of less than 2 inches creates a rebuttable inference that the municipal corporation maintained the sidewalk, trailway, crosswalk, or other installa-

---

[13] MCL 691.1402(1); see also *Listanski v Canton Twp*, 452 Mich 678, 681-682; 551 NW2d 98 (1996) (holding that MCL 691.1402 imposes liability on townships for failure to maintain sidewalks abutting county roads); *Jones v City of Ypsilanti*, 26 Mich App 574; 182 NW2d 795 (1970) (holding that MCL 691.1402 imposes liability on cities for failure to maintain sidewalks abutting state roads).

[14] Emphasis added.

tion *outside of the improved portion of the highway de-signed for vehicular travel*[15] in reasonable repair.

(3) A municipal corporation's liability under subsection (1) is limited by section 81131[16] of the natural resources and environmental protection act, 1994 PA 451, MCL 324.81131.

### E. INTERPRETING MCL 691.1402a

There can be no dispute that the plain language of MCL 691.1402a(1) applies to delineate a municipal corporation's liability with respect to sidewalks etc. abutting *county highways*. And MCL 691.1402a(3) clearly refers back to subsection 1 to further delineate the municipal corporation's liability regarding a person's use of an off-road vehicle (ORV). The present dispute, however, centers on determining whether the two-inch rebuttable inference provision of MCL 691.1402a(2), like the terms of subsection 1, is limited to county highways, or whether, absent such an express limitation, subsection 2 extends to sidewalks abutting *any* public roadway within a municipal corporation's jurisdiction.

There is no binding caselaw on whether MCL 691.1402a(2) applies *only* when the road at issue is a county highway. Caselaw, published and unpublished, has simply addressed or applied the rule to sidewalks

---

[15] Emphasis added.

[16] MCL 324.81131(11) provides that

a municipality is, immune from tort liability for injuries or damages sustained by any person arising in any way out of the operation or use of an ORV on maintained or unmaintained roads, streets, shoulders, and rights-of-way over which . . . the munici-pality has jurisdiction. The immunity provided by this subsection does not apply to actions that constitute gross negligence. As used in this subsection, "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

without describing the nature of the adjacent road.[17] Thus, we cannot discern any prevailing rule from these cases that would mandate a decision in this case one way or the other. Regardless, there is no need to look beyond the statute to discern the intent of the Legislature.

Although MCL 691.1402a(1) clearly refers and applies to county highways, subsection 2 does not contain that language; it refers to a sidewalk, trailway, crosswalk, or other installation outside of the improved portion of "the highway designed for vehicular travel," and there is no further language of limitation in subsection 2 relating to such a highway. Subsection 3, which refers to a statute that by its express terms encompasses all kinds of streets, roads, and highways, expressly refers back to the liability imposed in subsec-

---

[17] *Gadigian v City of Taylor*, 282 Mich App 179; ___ NW2d ___ (2009); *Noe v Detroit*, unpublished opinion per curiam of the Court of Appeals, issued August 19, 2008 (Docket No. 278727); *Jurstik v Owosso*, unpublished opinion per curiam of the Court of Appeals, issued May 22, 2008 (Docket No. 276701); *Semon v St Clair Shores*, unpublished opinion per curiam of the Court of Appeals, issued October 30, 2007 (Docket No. 274777); *Baine v Inkster*, unpublished opinion per curiam of the Court of Appeals, issued April 26, 2007 (Docket No. 274261); *Gutierrez v City of Saginaw*, unpublished opinion per curiam of the Court of Appeals, issued March 29, 2007 (Docket No. 272619); *Ledbetter v City of Warren*, unpublished opinion per curiam of the Court of Appeals, issued October 31, 2006 (Docket No. 269758); *Griffin v City of Pontiac*, unpublished opinion per curiam of the Court of Appeals, issued October 26, 2006 (Docket No. 269988); *Allgaier v City of Warren*, unpublished opinion per curiam of the Court of Appeals, issued August 22, 2006 (Docket No. 268102); *Smith v City of Warren*, unpublished opinion per curiam of the Court of Appeals, issued February 23, 2006 (Docket No. 255004); *Jones v City of Flint*, unpublished opinion per curiam of the Court of Appeals, issued November 17, 2005 (Docket No. 263036); *Bates v Village of Addison*, unpublished opinion per curiam of the Court of Appeals, issued October 4, 2005 (Docket No. 253374); *Crites v Owosso*, unpublished opinion per curiam of the Court of Appeals, issued June 17, 2004 (Docket No. 245999).

tion 1. Again, subsection 2 lacks any such reference to subsection 1. We must therefore accept as intentional the Legislature's omission in subsection 2 of a reference to "county highways" or to "subsection (1)."[18] And we may not read any such references into the plain language of the statute.[19]

Accordingly, we conclude that MCL 691.1402a(2) is not limited in its application to county highways. Rather it applies to any "sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel," with the term "highway" therein meaning any "public highway, road, or street that is open for public travel . . . ."[20] Thus, MCL 691.1402a(2) applies here, and there is a rebuttable inference that the city maintained in reasonable repair the sidewalk on which Robinson tripped.

### F. DARITY

Nevertheless, in support of her argument that MCL 691.1402a(2) only applies to county highways, Robinson relies on the unpublished opinion in *Darity v Flat Rock*. In *Darity*, the plaintiff's decedent was injured when he fell off his bicycle on a debris-covered sidewalk adjacent to a state trunk line highway.[21] In seeking to disclaim liability for the injury adjacent to the state trunk line highway, the city of Flatrock argued that, under MCL 691.1402a, cities are "liable only for sidewalks adjacent to *county* highways."[22] Interpreting the language of the statute, the *Darity* panel said, "Because the sidewalk at

---

[18] *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 103; 693 NW2d 170 (2005).

[19] *Id.*

[20] MCL 691.1401(e).

[21] *Darity, supra* at 1.

[22] *Id.* at 4 (emphasis in original).

issue was adjacent to a state trunkline and not a county road, MCL 691.1402a does not govern this action."[23] The panel continued:

> MCL 691.1402a "creates no liability for municipalities that would not otherwise exist. . . . The obvious purpose of § 1402a is to limit the liability municipalities would otherwise face to maintain sidewalks . . . ." *Carr v City of Lansing*, 259 Mich App 376, 380; 674 NW2d 168 (2003). In enacting MCL 691.1402a, the Legislature implicitly recognized that by virtue of MCL 691.1402, municipal corporations faced liability for portions of county highways that were outside the improved portion designed for vehicular travel. MCL 691.1402 does not provide a basis for concluding that municipal corporations have a lesser degree of liability with respect to portions of state highways that are outside the improved portion designed for vehicular travel. Yet in enacting MCL 691.1402a, the Legislature decided to limit liability with respect to county roads only. The Legislature's failure to impose similar limits with respect to state roads does not suggest that the Legislature was unaware of that liability or did not intend that liability would exist. Rather, the absence of a provision concerning portions of state highways outside the improved portion means that a municipal corporation's liability for those areas pursuant to MCL 691.1402 remains unreduced.[24]

We first note that, as an unpublished decision, *Darity* has no precedential value.[25] And although this Court may rely on unpublished cases to the extent that they present persuasive reasoning on an issue,[26] we find *Darity* inapplicable and unpersuasive in the present action.

---

[23] *Id.*

[24] *Id.* at 5.

[25] MCR 7.215(C)(1); *Charles Reinhart Co v Winiemko*, 444 Mich 579, 588 n 19; 513 NW2d 773 (1994).

[26] *Dyball v Lennox*, 260 Mich App 698, 705 n 1; 680 NW2d 522 (2004).

Although the *Darity* panel mentioned MCL 691.1402a(2), it did not specifically address the language of that provision. Indeed, the only part of MCL 691.1402a at issue in *Darity* was subsection 1, which clearly and unambiguously deals only with sidewalks adjacent to *county* highways. Therefore, any interpretation of subsection 2—the subsection that statutorily creates the two-inch rule—that could arguably be discerned from *Darity* would be dictum. Moreover, the *Darity* panel's conclusion that MCL 691.1402a did not absolve the city of Flat Rock of liability was limited to the facts of that action and any broader rule intended by the *Darity* panel would be dictum.

In sum, we conclude that the trial court erred to the extent that it relied on *Darity* in denying the city's motion and that the trial court should have allowed the city to raise the two-inch rule as a defense.

Reversed and remanded for further proceedings so that the trial court may rule on the remaining issues in this case. The city may refile its motion for summary disposition. We do not retain jurisdiction.