FULLER v DEPARTMENT OF TRANSPORTATION

Docket No. 96566. Submitted December 15, 1987, at Lansing. Decided February 10, 1988.

Jacqueline Fuller sustained paralyzing injuries in an automobile accident on Hawkins Road at its overpass over the I-94 freeway in Jackson County. Fuller, along with her parents, brought an action in the Court of Claims against the Department of Transportation alleging negligence by defendant in its failure to maintain the portion of Hawkins Road where the accident occurred in reasonable repair so that it was reasonably safe and convenient for public travel. The trial court, Carolyn Stell, J., granted summary disposition in favor of defendant, ruling that there was no genuine issue as to the fact that Hawkins Road, including the portion where the accident occurred, was under the jurisdiction of Jackson County, and that defendant was therefore entitled to judgment as a matter of law. Plaintiffs appealed.

The Court of Appeals held:

The governmental immunity act limits liability for negligent highway maintenance to the governmental unit having jurisdiction of the road at the time of the accident. If a governmental agency does not have jurisdiction over the road, the agency is immune from liability. In this case, an affidavit and other documents submitted by defendant established that Hawkins Road is under the jurisdiction of Jackson County, a fact not contradicted by the documents presented by plaintiffs.

Affirmed.

HIGHWAYS — GOVERNMENTAL IMMUNITY.

The governmental immunity act limits liability for negligent highway maintenance to the governmental unit having jurisdic-

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 103 et seq., 341, 342 et seq.

Am Jur 2d, States, Territories, and Dependencies §§ 99 et seq.

Liability and suability, in negligence action, of state highway, toll road, or turnpike authority. 62 ALR2d 1222.

State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

tion of the road at the time of the accident giving rise to injury (MCL 691.1402, 691.1407; MSA 3.996[102], 3.996[107]).

*Portner & Stine, P.C.* (by *Gregory W. Stine*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Brenda E. Turner,* Assistant Attorneys General, for defendant.

Before: H. HOOD, P.J., and SAWYER and T. E. JACKSON,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the October 29, 1986, order of the Court of Claims granting defendant's motion for summary disposition and denying plaintiffs' motion for rehearing. The court held that there was no genuine issue of material fact as to which governmental agency had jurisdiction of the road where the accident took place.

On April 3, 1981, plaintiff Jacqueline Fuller lost control of her car on Hawkins Road at its overpass over the I-94 freeway in Jackson County. Jacqueline sustained serious injuries rendering her a quadriplegic. On March 3, 1985, Jacqueline and her parents filed suit against defendant in the Court of Claims, alleging that defendant was negligent in failing to maintain that portion of Hawkins Road and to provide sufficient markings, barriers, and guardrails at that section of Hawkins Road. Jacqueline's parents asserted a count for loss of consortium. Plaintiffs also filed suit against Jackson County in circuit court.

On February 14, 1985, defendant filed a motion for summary judgment, under GCR 1963, 117.2(1)

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

and (3), now MCL 2.116(C)(8) and (10), claiming that the road was under the jurisdiction of Jackson County, not defendant. Defendant attached to the motion an affidavit of Henry W. Thomas, retired Establishment and Abandonment Coordinator of defendant, in which Thomas stated he had examined the records of the Local Government Division of the Department of Transportation, and the records revealed that Hawkins Road is certified as a county primary road under the jurisdiction of Jackson County.

The court granted defendant's motion for summary disposition and denied plaintiffs' subsequent motion for rehearing. On appeal, plaintiffs claim the trial court erred in granting defendant's motion for summary disposition because there was an issue of fact as to which governmental agency had jurisdiction over Hawkins road. We disagree.

MCL 691.1402; MSA 3.996(102) states:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency.

The governmental immunity act limits liability for negligent maintenance to the governmental unit having jurisdiction of the road at the time of the accident. *Potes v Dep't of State Highways*, 128 Mich App 765, 769; 341 NW2d 210 (1983). If a governmental agency does not have jurisdiction over the road, the agency is immune from liability. MCL 691.1407; MSA 3.996(107).

In the instant case, there is no genuine issue of fact as to which governmental agency had jurisdiction over Hawkins Road on April 3, 1981. The affidavit of Henry W. Thomas reveals clearly that Hawkins Road is under the jurisdiction of Jackson County. In addition, defendant submitted to the court a certification map which shows that Hawkins Road was certified as a county road as of December 21, 1979, and December 31, 1984.

The documents presented by plaintiffs fail to establish an issue of fact. Plaintiffs claim that in the relevant portions of the deposition of Kenneth Hendershot, Jackson County Maintenance Superintendent, Hendershot stated that guardrails on the Hawkins Road overpass were installed by the state. However, we note that he further stated that the state put up guardrails only in conjunction with the fact that the bridge is a state highway bridge. He stated that "[a]nything that is connected with the bridges over [I-]94 is done by the State Highway Department." Plaintiffs further claim that in the relevant portion of the deposition of Norman Brown, a representative of defendant, he stated that it would be very unusual for the state to replace a guardrail for a section of roadway not under its jurisdiction. However, a reading of the deposition reveals that Brown stated simply that it would be unusual for the state to install new guardrails at the location of the accident. Plaintiffs also claim that the vehicle left the road "on the steep slope of this elevated approach section, on a curve, just past the bridge" and that Hendershot testified in his deposition that maintenance of the slope is the responsibility of the state. Although Hendershot did state this, the question is not who maintained the slope, but who had jurisdiction over Hawkins Road. Finally, plaintiffs claim that in the affidavit of John W. Midgley,

County Highway Engineer of the Jackson County Road Commission, he states that the state "designed and specified" the slopes, and installed and changed guardrails at the accident site. Although Midgley did so state, we feel this is irrelevant. As noted earlier, the state installed the guardrails only because the bridge is a state highway bridge. The sole question is which governmental agency had jurisdiction over Hawkins Road, not the slopes. Since plaintiffs have not refuted the documentation which shows that Jackson County had jurisdiction over Hawkins Road, the trial court did not err in granting defendant's motion for summary disposition.

Affirmed.