MARKILLIE v BOARD OF COUNTY ROAD COMMISSIONERS OF COUNTY OF LIVINGSTON

Docket No. 170070. Submitted February 22, 1995, at Detroit. Decided April 21, 1995, at 9:20 A.M.

Larry and Sue Markillie, as personal representatives of the estate of Carrie A. Markillie, deceased, brought an action in the Livingston Circuit Court against the Board of County Road Commissioners of the County of Livingston, seeking damages following the decedent's death in an automobile accident that occurred at the intersection of a county road and a state highway. The plaintiffs alleged negligence in the design, construction, inspection, and maintenance of the intersection. The court, Stanley J. Latreille, J., granted summary disposition for the defendant, finding that the Michigan Department of Transportation had exclusive jurisdiction with regard to the intersection. The plaintiffs appealed.

The Court of Appeals *held:*

1. The governmental immunity act limits liability under the highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1), to the governmental agency having jurisdiction over the highway at the time of the injury. Only one governmental agency can have jurisdiction over a highway at any time; there is no concurrent jurisdiction.

2. Intersections of state highways and county roads are within the state's jurisdiction.

3. The trial court properly equated the term "jurisdiction" in MCL 691.1402(1); MSA 3.996(102)(1) with control and properly found that the Michigan Department of Transportation had control over the intersection.

4. The defendant did not have a duty to warn of possible hazards associated with the intersection.

Affirmed.

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 103, 199, 200, 617.

Liability of governmental entity or public officer for personal injury or damages arising out of vehicular accident due to negligence or defective design of a highway. 45 ALR3d 875.

1. GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — WORDS AND PHRASES — JURISDICTION.

The governmental immunity act limits liability under the highway exception to the act to the governmental agency that has jurisdiction over the highway at the time of an injury; the term "jurisdiction" in the highway exception is synonymous with "control" (MCL 691.1402[1], 691.1407; MSA 3.996[102][1], 3.996[107]).

2. GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — JURISDICTION.

Only one governmental agency can have jurisdiction over a highway at any time; there is no concurrent jurisdiction.

3. GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — JURISDICTION — STATE HIGHWAYS — COUNTY ROADS — INTERSECTIONS.

The intersections of state highways and county roads are within the jurisdiction of the state.

*Goodman, Eden, Millender & Bedrosian* (by *Robert A. Koory* and *Walid Y. Fakhoury*), for the plaintiffs.

*Highland & Zanetti, P.C.* (by *John N. Highland* and *James S. Meyerand*), for the defendant.

Before: CAVANAGH, P.J., and CONNOR and BANDSTRA, JJ.

PER CURIAM. Plaintiffs Larry and Sue Markillie, as personal representatives of the estate of Carrie Anne Markillie, deceased, appeal as of right from an order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

This case arises out of an automobile accident that occurred at the intersection of Latson Road, a Livingston County road, and M-59, a state highway. On August 16, 1990, seventeen-year-old Carrie Anne Markillie, traveling north on Latson Road, ran the stop sign at the intersection of Latson Road and M-59 and was killed when her

car was struck by a truck proceeding west on M-59.

Plaintiffs filed a complaint against defendant Board of County Road Commissioners of County of Livingston. Plaintiffs allege negligence in the design, construction, inspection, and maintenance of the intersection. Specifically, plaintiffs claim that a slope in Latson Road located six feet south of the stop bar blocked the stop bar from Carrie Anne Markillie's view.

In its motion for summary disposition, defendant argued that the intersection is under the exclusive jurisdiction of the Michigan Department of Transportation (MDOT). Defendant admitted that in 1986 it had paved Latson Road; however, defendant presented evidence that it had to obtain a permit from the MDOT in order to perform construction on the intersection. Defendant had submitted drawings for its proposed project, which the MDOT had approved. Plaintiffs responded by contending that defendant has jurisdiction over the Latson Road slope.

The trial court noted that the relevant statute, MCL 691.1402(1); MSA 3.996(102)(1), does not define the word "jurisdiction," nor is there any case law addressing the question. The trial court then held that jurisdiction is equivalent to control and found that the MDOT has control of both the intersection and the area six feet south of the stop bar. The trial court therefore granted defendant's motion for summary disposition.

On appeal, an order granting or denying summary disposition is reviewed de novo. A motion for summary disposition may be granted pursuant to MCR 2.116(C)(10) when, except with regard to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Giving the benefit of

reasonable doubt to the nonmovant, the trial court must determine whether a record might be developed that would leave open an issue upon which reasonable minds might differ. *Michigan Mutual Ins Co v Dowell,* 204 Mich App 81, 85-86; 514 NW2d 185 (1994).

Governmental agencies are immune from any tort liability that would arise out of the operation and maintenance of public highways. MCL 691.1407; MSA 3.996(107). However, governmental immunity is not available to a governmental agency as a defense where the injuries arise out of the failure to maintain a public highway under its jurisdiction in reasonable repair so that it is reasonably safe for travel. The statutory provision is as follows:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his or her property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him or her from the governmental agency. [MCL 691.1402(1); MSA 3.996(102)(1).]

No action may be maintained under the highway exception unless it is clearly within the scope and meaning of the statute. *Scheurman v Dep't of Transportation,* 434 Mich 619, 630; 456 NW2d 66 (1990).

The governmental immunity act limits liability under the highway exception to the governmental agency having jurisdiction over the highway at the time of the injury. *Fuller v Dep't of Transportation,* 168 Mich App 682, 684; 425 NW2d 693 (1988).

Only one governmental agency can have jurisdiction over a highway at any time; there is no concurrent jurisdiction. *Mitchell v Steward Oldford & Sons, Inc,* 163 Mich App 622, 632; 415 NW2d 224 (1987). Intersections of state highways and county roads are within the state's jurisdiction. *Lain v Beach,* 177 Mich App 578, 582; 442 NW2d 650 (1989).

Plaintiffs argue that the term "intersection" is defined in the Vehicle Code, which provides that an intersection is an area where two highways join at right angles. See MCL 257.22; MSA 9.1822. Therefore, plaintiffs reason, because the curb lines of the northbound approach of Latson Road to M-59 do not intersect at right angles with the curb lines of M-59 until a point north of the stop bar, the stop bar is not located within the intersection.

We do not believe that the Vehicle Code is an appropriate guide to a governmental agency's liability under the highway exception. The preamble to the Vehicle Code[1] emphasizes the Legislature's

---

[1] The preamble to the Vehicle Code describes it as:

AN ACT to provide for the registration, titling, sale, transfer, and regulation of certain vehicles operated upon the public highways of this state or any other place open to the general public or generally accessible to motor vehicles and distressed vehicles; to provide for the licensing of dealers; to provide for the examination, licensing, and control of operators and chauffeurs; to provide for the giving of proof of financial responsibility and security by owners and operators of vehicles; to provide for the imposition, levy, and collection of specific taxes on vehicles, and the levy and collection of sales and use taxes, license fees, and permit fees; to provide for the regulation and use of streets and highways; to create certain funds; to provide penalties and sanctions for a violation of this act; to provide for civil liability of owners and operators of vehicles and service of process on residents and nonresidents; to provide for the levy of certain assessments; to provide for the enforcement of this act; to provide for the creation of and to prescribe the powers and duties of certain state and local agencies; to repeal all other acts or parts of acts inconsistent with this act or contrary to this act; and to repeal certain parts of this act on a specific date.

specific concern with the regulation of vehicles upon the highways. *People v Rogers,* 438 Mich 602, 620; 475 NW2d 717 (1991) (BRICKLEY, J., concurring). The Vehicle Code does not contain directives for the design, construction, and maintenance of roadways.

As the trial court recognized, the critical issue in this case is what is meant by the word "jurisdiction" in MCL 691.1402(1); MSA 3.996(102)(1). The trial court related "jurisdiction" to "control." It then held that the MDOT has control over the Latson Road/M-59 intersection and therefore has jurisdiction over it.

Statutory interpretation is a question of law that is reviewed de novo on appeal. *Smeets v Genesee Co Clerk,* 193 Mich App 628, 633; 484 NW2d 770 (1992). Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning. MCL 8.3a; MSA 2.212(1); *Consumers Power Co v Lansing Bd of Water & Light,* 200 Mich App 73, 76; 503 NW2d 680 (1993). When a term is not defined within a statute, a court may consult dictionary definitions. *Nalepa v Plymouth-Canton Community School Dist,* 207 Mich App 580, 586; 525 NW2d 897 (1994).

*The Random House College Dictionary: Revised Edition* (1988) defines "jurisdiction" as "1. the right, power, or authority to administer justice. 2. authority; control. 3. the extent or range of judicial or other authority. 4. the territory over which the authority of a person, court, etc., is exercised." The Supreme Court has defined jurisdiction as "the power to act." *State Hwy Comm'r v Gulf Oil Corp,* 377 Mich 309, 312; 140 NW2d 500 (1966); *Campbell v Plymouth,* 293 Mich 84, 86; 291 NW 231 (1940).

In light of the above definitions, we believe that the trial court properly equated "jurisdiction" with

"control." This definition is consistent with the Legislature's purpose in enacting the highway exception to governmental immunity. The Legislature's goal was to keep public highways "reasonably safe and convenient for public travel." MCL 691.1402(1); MSA 3.996(102)(1). That objective will be served by limiting liability for a defective highway to the entity with the authority to construct, maintain, and repair it. We therefore hold that the word "jurisdiction" in MCL 691.1402(1); MSA 3.996(102)(1) is synonymous with "control."

The trial court found that the MDOT, not defendant, has control over the intersection. This Court reviews a trial court's findings of fact for clear error. MCR 2.613(C); *Triple E Produce Corp v Mastronardi Produce, Ltd,* 209 Mich App 165, 171; 530 NW2d 772 (1995). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.*

After reviewing the record, we conclude that the trial court's finding that the MDOT has control over the area plaintiffs claim to be defective is not clearly erroneous. The MDOT and defendant agree that the MDOT has control over the intersection. In order to perform construction on the intersection in the course of paving Latson Road, defendant had to obtain a permit from the MDOT. Defendant submitted its work plans for the MDOT's approval. In 1992 (after the accident involving Carrie Anne Markillie), the MDOT rebuilt the intersection of M-59 and Latson Road without seeking the permission of any other entity. An expert employed by the MDOT testified that the area six feet south of the stop bar is under the MDOT's control. Accordingly, the trial court did not err in granting defendant's motion for summary disposition.

Plaintiffs also contend that defendant had a duty to warn of the danger presented by the Latson Road slope. However, because the site of the accident was under the exclusive jurisdiction of the MDOT, defendant had no duty to warn of possible hazards associated with the site. *Lain, supra.*

Affirmed.