# STATE OF MICHIGAN

# COURT OF APPEALS

BURT JOHN VINCENT,

Plaintiff-Appellant,

v

CALHOUN COUNTY ROAD DEPARTMENT
and CALHOUN COUNTY BOARD OF
COMMISSIONERS,

Defendants-Appellees.

UNPUBLISHED
August 9, 2016

No. 327518
Calhoun Circuit Court
LC No. 2014-003260-NO

Before: STEPHENS, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

Plaintiff appeals as of right the circuit court order granting MCR 2.116(C)(7) summary disposition based on governmental immunity to defendants. We affirm.

## I. STANDARD OF REVIEW

MCR 2.116(C)(7) provides that summary disposition is proper when a claim is barred because of immunity granted by law. When reviewing a motion for summary disposition granted pursuant to MCR 2.116(C)(7), this Court must accept as true the plaintiff's well-pleaded allegations and construe them in a light most favorable to the plaintiff. The motion should not be granted unless no factual development could provide a basis for recovery. This Court reviews a summary disposition determination de novo as a question of law. [*Stabley v Huron-Clinton Metro Park Auth*, 228 Mich App 363, 365; 579 NW2d 374 (1998).]

This Court also reviews de novo the applicability of governmental immunity as a question of law. *Dybata v Wayne Co*, 287 Mich App 635, 637-638; 791 NW2d 499 (2010).

## II. ANALYSIS

-1-

The GTLA "broadly shields and grants to governmental agencies immunity from tort liability when an agency is engaged in the exercise or discharge of a governmental function." *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012) citing MCL 691.1407(1). "The design, construction and maintenance of a highway constitutes the exercise or discharge of a governmental function." *Potes v Dept of State Highways*, 128 Mich App 765, 768; 341 NW2d 210 (1983). "A governmental agency can be held liable under the GTLA only if a case falls into one of the enumerated statutory exceptions." *Moraccini*, 296 Mich App at 392. To avoid governmental immunity, plaintiff relies on the highway exception. "The highway exception waives the absolute immunity of governmental units with regard to defective highways under their jurisdiction." *Nawrocki v Macomb Co Rd Com'n*, 463 Mich 143, 158; 615 NW2d 702 (2000). "The scope of the highway exception is narrowly drawn." *Grimes v Michigan Dept of Transp*, 475 Mich 72, 78; 715 NW2d 275 (2006). In pertinent part, the statutory language of the exception is found at MCL 691.1402(1):

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. The liability, procedure, and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21 of chapter IV of 1909 PA 283, MCL 224.21. . . .

"The governmental immunity act limits liability under the highway exception to the governmental agency having jurisdiction over the highway at the time of the injury." *Markillie v Bd of Co Rd Com'rs of Co of Livingston*, 210 Mich App 16, 19; 532 NW2d 878 (1995). "Only one governmental agency can have jurisdiction over a highway at any time; there is no concurrent jurisdiction." *Id.* at 20.

The parties have no material disagreement as to whether the Calhoun County Road Department, Calhoun County and the Calhoun County Board of Commissioners are all governmental agencies. Indeed, each falls under the statutory definition of a governmental agency as provided in MCL 691.1401. MCL 691.1401(a) defines a "governmental agency" as "the state or a political subdivision." The definition of "political subdivision" includes a county, county road commission "or . . . a department ... of a political subdivision." MCL 691.1401(e). The Calhoun County Road Department is therefore, a governmental agency because it is a department of a political subdivision. Similarly, Calhoun County is a governmental agency because it is a "county." Since the definition of "political subdivision" also includes a "board . . . of a political subdivision," MCL 691.1401(e), the Calhoun County Board of Commissioners is also a governmental agency.

The parties' disagreement is over whether the Calhoun County Road Department or the Calhoun County Board of Commissioners has jurisdiction over R Drive South. Defendants argue that the Calhoun County Board of Commissioners has jurisdiction. Defendants assert that MCL 224.19 and MCL 224.21 respectively, grant a county road commission the authority to build roads and be sued. Defendants contend that the Calhoun County Board of Commissioners

assumed the authority granted county road commissions under MCL 224.19 and MCL 224.21 to build and maintain roads and to be sued for the breach of those duties pursuant to a resolution authorized by 2012 PA 14 and 2012 PA 15.

Plaintiff argues that the Calhoun County Road Department has jurisdiction over R Drive South because it is the governmental agency with responsibility to maintain and repair R Drive South. Plaintiff relies on *Markillie, supra,* and the Calhoun County website. In *Markillie, supra,* the Court held that the term "jurisdiction," in the context of the highway exception, was synonymous with "control." *Id.* at 21-22. There, the Court stated that the intent of the Legislature in drafting MCL 691.1402 was "served by limiting liability for a defective highway to the entity with the authority to construct, maintain, and repair it." *Id.* at 22. Plaintiff attached, to his motion opposing summary disposition and to his brief on appeal, purported printouts from the Calhoun County website that state that the Calhoun County Road Department "directly maintains and repairs 87 bridges and more than 1,300 miles of county roads" including R Drive South.

Regardless of the above dispute, the parties do agree that R Drive South is a county road. Both parties also agree that Calhoun County is the entity with jurisdiction over county roads, including R Drive South.[1] "By statute, county roads are placed within the exclusive jurisdiction of the county. M.C.L. § 224.21." *Kuhn v Associated Truck Lines, Inc*, 173 Mich App 295, 300; 433 NW2d 424 (1988); *Potes*, 128 Mich App at 768. MCL 691.1402(1) provides that "[t]he liability, procedure, and remedy as to county roads . . . shall be as provided in . . . MCL 224.21." See also *Streng v Bd of Mackinac Co Rd Com's*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No 323226, issued May 24, 2016); slip op, p 7 (. . . the procedures and remedies provided by MCL 224.21 are what apply to county road commissions . . .).

MCL 224.21 in pertinent part provides:

 (2) A county shall keep in reasonable repair, so that they are reasonably safe and convenient for public travel, all county roads, bridges, and culverts that are within the county's jurisdiction, are under its care and control, and are open to public travel. The provisions of law respecting the liability of townships, cities, villages, and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control apply to counties adopting the county road system. . . .

---

[1] Plaintiff alleged, "[t]hat the Defendant, Calhoun County, is responsible for the maintenance of the eastbound lane of R Drive South near the Turtle Lake Golf Course in Calhoun County." (Plaintiff's First Amended Complaint, 1/26/2015, p. 2, ¶ 7). Defendants identified Calhoun County as "the legal entity with jurisdiction over certain roads within Calhoun County, including R Drive South." (Defendant's (Calhoun County Road Department) Answer to Plaintiff's Complaint and Defendant's (Calhoun County Road Department) Affirmative Defenses, 12/16/2014, ¶ 2; Defendants' Answer to Plaintiff's First Amended Complaint and Defendants' Affirmative Defenses, 2/25/2015, ¶ 2; Appellee's Brief, p. 3).

-3-

When the county violates its duty under MCL 224.21(2) to keep county roads under its jurisdiction in reasonable repair and a private party is injured as a result, MCL 224.21(3) provides that suit "shall be brought against the board of county road commissioners of the county and service shall be made upon the clerk and upon the chairperson of the board." *City of S Haven v Van Buren Co Bd of Com'rs*, 478 Mich 518, 530 n 16; 734 NW2d 533 (2007); *Streng*, ___ Mich App at ___; slip op at 8. MCL 224.21(3) additionally provides that, "a board of county road commissioners is not liable for damages to person or property . . . unless the person serves or causes to be served within 60 days after the occurrence of the injury a notice in writing upon the clerk and upon the chairperson of the board of county road commissioners."

The trial court record shows that plaintiff did not serve "notice in writing upon the clerk and upon the chairperson of the board of county road commissioners." MCL 224.21(3). Plaintiff notified Jerry Peterson, managing director of the Calhoun County Road Department, by letter dated July 23, 2014, of plaintiff's notice of claim and intent to file suit. Plaintiff served Christopher Bolt, managing director of the Calhoun County Road Department, by certified mail with plaintiff's complaint on November 25, 2014. Plaintiff served the Calhoun County Board of Commissioners with Plaintiff's First Amended Complaint, on February 18, 2015.

The Calhoun County Board of Commissioners, by resolution, assumed the powers, duties and functions of the Calhoun County Road Commission. The October 2012 resolution was authorized under 2012 PA 14 and 2012 PA 15 which both provided that "the powers, duties, and functions that are otherwise provided by law for an appointed board of county road commissioners may be transferred to the county board of commissioners by a resolution" before January 2015. Serving the Calhoun County Board of Commissioners therefore, statutorily sufficed as serving the Calhoun County Road Commission. However, the timing of the notice was not statutorily compliant. In accordance with MCL 224.21(3), plaintiff was required to serve his notice of claim "within 60 days after the occurrence of the injury." The deadline to serve the Calhoun County Board of Commissioners in this case was therefore, July 22, 2014.[2] Plaintiff did not serve defendant Calhoun County Board of Commissioners until 271 days after the occurrence of the injury and at that time, it was service of Plaintiff's First Amended Complaint.

The highway exception to governmental immunity only applies when the governmental agency with jurisdiction over the highway receives timely notice of a plaintiff's claim. *Thurman v City of Pontiac*, 295 Mich App 381, 385; 819 NW2d 90 (2012). This plaintiff's service of notice on Jerry Peterson, even if the notice was somehow forwarded to Calhoun County, was not service on the Calhoun County Board of Commissioners, as required. "Statutory notice requirements must be interpreted and enforced as plainly written." *Atkins v Suburban Mobility Auth for Regl Transp*, 492 Mich 707, 710; 822 NW2d 522 (2012). Plaintiff's reliance on MCR 2.105(G)(8), in support of service upon a "manager" instead of the Calhoun County Board of Commissioners, fails because the court rule only applies "when no other method of service is specially provided by statute."

---

[2] The passage of 60 days from the date of injury, May 23, 2014, is July 22, 2014.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher
