# STATE OF MICHIGAN

# COURT OF APPEALS

HOWARD SCHROCK,

       Plaintiff-Appellee/Cross Appellant,

v

CITY OF LINDEN,

       Defendant-Appellee/Cross
       Appellee,

and

BOARD OF COUNTY ROAD
COMMISSIONERS OF THE COUNTY OF
GENESEE,

       Defendant-Appellant.

UNPUBLISHED
October 25, 2018

No. 340759
Genesee Circuit Court
LC No. 17-108708-NI

Before: SHAPIRO, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

Defendant, Board of County Road Commissioners of the County of Genesee (the Road Commission), appeals the trial court's order denying its motion for summary disposition and granting summary disposition in favor of defendant, city of Linden (the City), in this action alleging liability under the highway exception to governmental immunity. On appeal, the Road Commission argues that the trial court erred by determining that it had jurisdiction over the alleged road defect by operation of law under the McNitt Act, 1931 PA 130, MCL 247.1 *et seq.*, repealed by 1951 PA 51 (Act 51), MCL 247.651 *et seq.*, when the documentary evidence demonstrated that the alleged road defect had never been under the Road Commission's jurisdiction. Plaintiff cross-appeals the same order, asserting that either the Road Commission or the City must have jurisdiction over the alleged road defect. For the reasons discussed below, we reverse the trial court's order and remand for proceedings consistent with this opinion.

## I. BACKGROUND

-1-

This case arises from a biking accident on Ripley Road in which plaintiff suffered severe injuries. Plaintiff alleged that his bicycle traveled into a pothole,[1] causing him to lose control, and catapulting him over the handlebars and onto the roadway surface. Ripley Road runs in a north-south direction, and Rolston Road intersects it about halfway. The northern half of Ripley Road is a county local highway. However, the accident occurred on the southern half of Ripley Road, which has long been maintained by the City. Specifically, the accident occurred on Ripley Road north of a railroad crossing and south of Rolston Road. This appeal turns on which governmental entity has jurisdiction over the portion of the road where the accident occurred.

Plaintiff brought suit against the Road Commission and the City, alleging that one of them had jurisdiction over the road. The trial court ruled that the Road Commission had jurisdiction over the relevant portion of the road pursuant to the McNitt Act and, thus, denied its motion for summary disposition and granted the City's motion for summary disposition under MCR 2.116(C)(7) (immunity) and (10) (no genuine issue of material fact).

On appeal, the Road Commission argues that the trial court erred by determining that the relevant portion of Ripley Road was within its jurisdiction. On cross-appeal, plaintiff contends that if the Road Commission does not have jurisdiction, then the City must have jurisdiction. We agree that the trial court erred, as a matter of law, by finding that the Road Commission had jurisdiction over the relevant portion of Ripley Road and we conclude that the City has jurisdiction over the disputed portion.

## II. ANALYSIS

"The applicability of governmental immunity is a question of law that is reviewed de novo." *Ray v Swager*, 501 Mich 52, 61; 903 NW2d 366 (2017). A trial court's decision regarding a motion for summary disposition is also reviewed de novo. *Id*. at 61-62. When reviewing a motion under MCR 2.116(C)(7), "the court must consider all documentary evidence and accept the complaint as factually accurate unless affidavits or other appropriate documents specifically contradict it." *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 323; 869 NW2d 635 (2015). Summary disposition under MCR 2.116(C)(10) is appropriate "when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). We review de novo issues of statutory interpretation. *Genesee Co Drain Comm'r*, 309 Mich App at 315.

Under the governmental tort liability act, MCL 691.1401 *et seq*., "governmental agencies and their employees are generally immune from tort liability when they are engaged in the exercise or discharge of a governmental function." *Ray*, 501 Mich at 62. The Legislature has provided several exceptions to governmental immunity. *In re Bradley Estate*, 494 Mich 367, 378; 835 NW2d 545 (2013). Pertinent to this case, "[t]he highway exception waives the absolute immunity of governmental units with regard to defective highways under their jurisdiction."

---

[1] Plaintiff alleged that there was "a vertical, deep drop-off/pothole" that was approximately two to three feet wide, two to three feet long, and six to eight inches deep.

*Haaksma v Grand Rapids*, 247 Mich App 44, 52; 634 NW2d 390 (2001) (quotation marks and citation omitted). The highway exception provides, in relevant part:

> (1) Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. [MCL 691.1402(1).]

We have held that the term "jurisdiction" in MCL 691.1402(1) is properly equated with "control." *Markillie v Bd of Co Rd Comm'rs of Co of Livingston*, 210 Mich App 16, 21-22; 532 NW2d 878 (1995). That interpretation

> is consistent with the Legislature's purpose in enacting the highway exception to governmental immunity. The Legislature's goal was to keep public highways "reasonably safe and convenient for public travel." That objective will be served by limiting liability for a defective highway to the entity with the authority to construct, maintain, and repair it. [*Id*. (citations omitted).]

In other words, the governmental entity that is responsible for maintaining the highway should be liable for personal injury or damage arising from that maintenance.

In this case, there is no question of fact about who controls the relevant portion of Ripley Road. The City conceded that, since 1952, it has certified the disputed portion of that road as a local street for the purpose of receiving Act 51 funds. Under Act 51, "[a]ll streets within the corporate limits and *under the jurisdiction of each municipality* of the state . . . not included in the major street system of such municipality" constitute the city's local street system. MCL 247.658 (emphasis added). The amount of funding that a city receives from the Michigan Transportation Fund depends in part on the amount of its local street mileage. MCL 247.663(1) and (4). Thus, under the terms of Act 51, the City has effectively claimed jurisdiction over the disputed portion of road for over 60 years. In return, the City has received and used funds to maintain that road. When the GTLA and Act 51 are read together, it is clear that the City has jurisdiction in this case. See *NL Ventures VI Farmington, LLC v Livonia*, 314 Mich App 222, 235; 886 NW2d 772 (2015) (statutes addressing the same subject matter should be read together).

As noted, the trial court determined that the Road Commission had jurisdiction under the McNitt Act. The McNitt Act, enacted in 1931, "required the board of county road commissioners of each county to take over as county roads the total township highway mileage in the county" within six years. *Petition of Miller*, 18 Mich App 480, 482-483; 171 NW2d 473 (1969). Specifically, the McNitt Act provided that "the board of county road commissioners in each of the several counties of the state shall take over and incorporate into the county road system" twenty percent of the total township highway mileage each year "until the entire township highway mileage in all of the townships of each of such counties has been taken over and made a part of the county highway systems." MCL 247.2, repealed by 1951 PA 51.

-3-

However, while a county takeover of township highways was compulsory, that transfer was not automatic. Caselaw demonstrates that county road commissions took over township highways by passing resolutions. See e.g., *Petition of Miller*, 18 Mich App at 482; *Kraus v Dep't of Commerce*, 451 Mich 420, 424; 547 NW2d 870 (1996). Indeed, had the Legislature not intended that an affirmative act by the county take place in order for it to assume jurisdiction of township highways, it could have merely stated in the McNitt Act that the county "shall have" jurisdiction over all township roads after a certain number of years. In addition, if the transfer of jurisdiction had happened by operation of law, there would have been no reason for Act 51's requirement that the county road commissions "complete the taking over as county roads of all roads, streets and alleys heretofore required to be taken over as county roads by" the McNitt Act. MCL 247.669.

In this case, the City argues that various documents show that the Road Commission took over the relevant portion of Ripley Road. The City first relies on what it claims is the Road Commission's 1931 McNitt resolution. The Road Commission disputes that this is an actual resolution and argues that it was prepared by Fenton Township. We note that there is a certification attached to the document stating that it is "a true and accurate copy of 1931 McNitt Act certification documents for Fenton Township." Even if it is a McNitt Act resolution, however, the relevant portion of Ripley Road does not appear to be highlighted on the map.[2] Additionally, the back of the map lists only 1.5 miles of Ripley Road, but Ripley Road is 2 miles long. Thus, this document does not establish that the relevant portion of Ripley Road was taken by the Road Commission.

The City also relies on what it believes to be a 1935 McNitt Act resolution showing all of Ripley Road as a county road. The Road Commission again disputes that this document was a McNitt Act resolution and argues that it was actually a document sent to the Road Commission from Fenton Township. However, even if this document is a resolution, it purports to show "mileage to be subtracted" in red and "mileage to be added" in green, but does not appear to show any change to Ripley Road. Thus, it provides no support for the City's claim.

The City next argues that a map certified as "a 1940 McNitt Act map for Fenton Township," shows the entirety of Ripley Road as outside the boundary of the then-village of Linden. The Road Commission again disputes that this is a resolution and also argues that the map has no key or labeling. Regardless, the map merely shows Ripley Road is on the City's boundary line. It does not clearly identify Ripley Road, or its eastern half, as a township or county road.

The Road Commission, on the other hand, provides a "Resolution of Certification" from 1940, which indicated, in green, the streets taken over by the Road Commission in 1931 and, in yellow, the roads taken over before 1931. The map clearly shows only 1.5 miles of Ripley Road in green. The half mile south of the railroad crossing is in green and the mile north of Rolston

---

[2] A small portion of Ripley Road north of the railroad crossing appears to be highlighted in yellow, but plaintiff alleged that the incident was almost equidistant between the railroad crossing and Rolston Road, and that area is not highlighted in yellow.

Road is in green. The remaining portion north of the railroad crossing and south of Rolston Road is not in green or yellow and, thus, is not represented as having been taken over by the Road Commission as of 1940.

To summarize, there is no evidence that the Road Commission took jurisdiction over the relevant portion of Ripley Road pursuant to a McNitt Act resolution. Nor is there any evidence establishing that the portion of Ripley Road at issue was ever considered to be a township highway. In the absence of such evidence, the trial court erred in ruling that the Road Commission had jurisdiction over that portion of road under the McNitt Act.

Finally, the City argues that the relevant portion of Ripley Road is outside its boundaries and, thus, cannot be within its jurisdiction. The City relies on a recent survey that shows that the eastern half of Ripley Road (where the incident appears to have occurred) is outside its boundaries. The survey appears to show that the eastern half of the road is within Fenton Township. The Road Commission disputes that this survey is a "formal document" showing the boundaries of the City and argues that it was prepared for purposes of this lawsuit. Nonetheless, even assuming that the survey accurately shows that the eastern half of Ripley Road is outside the City's boundaries, we conclude that the City nonetheless has jurisdiction over it. As stated earlier, for purposes of the highway exception to governmental immunity, jurisdiction is synonymous with control. *Markillie*, 210 Mich App at 21-22. In addition to certifying the disputed portion of Ripley Road as a local street under its jurisdiction for years, the City has also performed maintenance activities on both lanes of the road. Therefore, the City has control and jurisdiction over both lanes of the disputed portion of road.

Further, the City has not provided any legal authority supporting the premise of its argument, i.e., that a municipality's road jurisdiction is absolutely coterminous with its corporate limits. In other words, the City does not establish that its jurisdiction over the eastern half of Ripley Road constitutes an expansion of its corporate limits. We also note that "[o]nly one governmental agency can have jurisdiction over a highway at any time; there is no concurrent jurisdiction." *Markillie*, 210 Mich App at 20. For the reasons discussed, we are convinced that the City is the governmental entity with jurisdiction over the relevant disputed portion of road.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Deborah A. Servitto
/s/ Michael F. Gadola