*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* THE CHURCH IN BLOOMFIELD,

HARRY PARK, SANGHEE PARK,[1] and
SAVANNAH DORAN,

UNPUBLISHED
June 9, 2022

Petitioners-Appellees,

v

No. 356134
Oakland Circuit Court
LC No. 19-172597-PZ

FABIO LEAL,

Respondent-Appellant.

Before: SWARTZLE, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Appellant Fabio Leal appeals as of right from (1) an order compelling The Church in Bloomfield (CIB), a non-profit corporation, to hold an annual meeting and elect directors as required by MCL 450.2402, and (2) an order holding that the ecclesiastical abstention doctrine did not deprive the trial court of subject-matter jurisdiction. We affirm.

## I. BACKGROUND

Harry Park, Sanghee Park,[1] and Savannah Doran (petitioners), along with Leal, are part of a group of Christian believers that practice their religion in a group of related churches known as "local churches."[2] In 2005, the CIB was incorporated by Craig Williams, Harry Park, and Leal. In each of the annual reports filed from 2006 to 2016, Park and Leal are listed as either officers or

---

[1] Sanghee is married to Harry Park.

[2] The "local churches" include, but are not limited to: The Church in Detroit, The Church in Farmington, The Church in Ann Arbor, The Church in Wixom, The Church in Kalamazoo, and The Church in Bloomfield. We will refer to this collective as the local churches.

-1-

directors of the CIB. After the CIB was incorporated, attendees of the CIB and other local churches pledged funds to purchase property for the CIB to hold meetings and gatherings. In 2009, the CIB purchased a residential home in Bloomfield Township. Because the property was not zoned as a place of worship, Bloomfield Township directed the CIB to refrain from using the property as such. The CIB sought to rezone the property or obtain variances to allow the property to be used as a place of worship. When those efforts were unsuccessful, local church leaders suggested that the Bloomfield Township property be sold and the proceeds be used to benefits the local churches. Leal allegedly evaded discussions with the local church leaders on this issue.

In March 2019, petitioners filed a petition asserting that they were members of the CIB and it had not held an annual meeting of its shareholders or members within the last 15 months as required by MCL 450.2402 of the Michigan Nonprofit Corporation Act. Petitioners requested that the court summarily order the CIB to hold an annual meeting and election of directors pursuant to the court's statutory powers under MCL 450.2402. Leal and his wife filed objections to the petition asserting that petitioners were not members of the CIB, that annual meetings were held in 2018 and 2019, and that Harry Park was no longer an officer or director of the CIB.

The trial court conducted an evidentiary hearing. Testimony established that the CIB did not have any bylaws, did not hold any annual meetings from 2005 to 2017, and its articles of incorporation did not include any provisions to determine membership in the corporation. The Parks testified that they stopped attending fellowship at the CIB in 2016 and, instead, attended fellowship at other local churches. Although they were no longer attending fellowship at the CIB, Mr. Park maintained that he did not resign his position as treasurer of the CIB. Doran testified that her age and health challenges kept her from regularly attending fellowship at the CIB. At the time of the hearing, Doran admitted that she had not attended fellowship at the CIB for approximately four years. There was also testimony that the CIB held meetings in 2018 and 2019, that the meeting attendees received verbal notice of the meetings, and that elections were conducted during those meetings. None of the petitioners received verbal or written notice of the 2018 and 2019 meetings.

Following the evidentiary hearing, the trial court concluded that Harry Park and Doran were members of the CIB corporation and, as members, they had standing to bring the petition pursuant to MCL 450.2402. Because written notice of the 2018 and 2019 meetings was not provided to any members of the corporation as required by MCL 450.2404(1), the trial court ordered the CIB to hold an annual meeting and to set parameters regarding notification and location. After a number of motions[3] and two unsuccessful interlocutory appeals,[4] the CIB

---

[3] These motions include Leal's motion for summary disposition under MCR 2.116(C)(4), wherein he asserted that the ecclesiastical abstention doctrine deprived the trial court of subject-matter jurisdiction. The trial court denied the motion.

[4] *In re the Church in Bloomfield*, unpublished order of the Court of Appeals, entered November 6, 2019 (Docket No. 351270) (dismissing claim of appeal from September 16, 2019 non-final order due to lack of jurisdiction); *In re the Church in Bloomfield*, unpublished order of the Court of Appeals, entered April 9, 2020 (Docket No. 352037) (denying delayed application for leave to appeal from September 16, 2019 order).

ultimately held an annual meeting in April 2020 and its members elected three directors, including Leal. This appeal followed.

## II. STANDARD OF REVIEW

Generally, a trial court's findings of fact are reviewed for clear error. *Markillie v Bd of Co Rd Comm'rs of Livingston Co*, 210 Mich App 16, 22; 532 NW2d 878 (1995), citing MCR 2.613(C). "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.* "The interpretation and application of statutes, rules, and legal doctrines is reviewed de novo." *Micheli v Mich Auto Ins Placement Facility*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356559); slip op at 3. We likewise review de novo a trial court's decision on a motion for summary disposition, questions of subject matter jurisdiction, and constitutional law. *Winkler by Winkler v Marist Fathers of Detroit, Inc*, 500 Mich 327, 333; 901 NW2d 566 (2017) (citations omitted).

## III. ANALYSIS

The CIB is a Michigan ecclesiastical corporation, MCL 450.178, and is subject to the Nonprofit Corporation Act, MCL 450.2101 *et seq.,* pursuant to MCL 450.2123(2)(f). Petitioners brought this action pursuant to MCL 450.2402, which states, in relevant part:

> A corporation shall hold an annual meeting of its shareholders or members, to elect directors and conduct any other business that may come before the meeting, on a date designated in the bylaws . . . If the annual meeting is not held for 90 days after the date designated for the meeting, or if no date is designated for 15 months after formation of the corporation or after its last annual meeting, the circuit court for the county in which the principal place of business or registered office of the corporation is located, on application of a shareholder or member, may summarily order that the corporation hold the meeting or the election, or both, and that it is held at the time and place, after the notice, and for the transaction of the business that is designated in the order. . . .

A "member" of a nonprofit corporation is defined as "a person that has a membership in a corporation in accordance with the provisions of its articles of incorporation or bylaws." MCL 450.2108(1). The CIB's articles of incorporation are silent on membership qualifications and there were no bylaws at the time that the petition was filed in 2019.

We conclude that the trial court did not clearly err in finding that Harry Park and Doran were members of the CIB corporation and had standing to petition the court pursuant to MCL 450.2402. Park was one of the original incorporators of the CIB. He and his wife regularly attended fellowship at the CIB for over a decade. Park was the treasurer of the CIB for more than a decade and he did not resign his position as treasurer when he ceased attending fellowship at the CIB. Like the Parks, Doran attended fellowship at the CIB for approximately a decade after its incorporation.

We further conclude that the trial court did not clearly err in finding that the CIB did not hold a properly noticed annual meeting in the 15 months before the petition was filed. Written

notice of the 2018 and 2019 meetings was not provided to any members of the corporation as required by MCL 450.2404(1). Because the 2018 and 2019 meetings were not properly noticed, the annual meeting requirements under MCL 450.2402 were not fulfilled. The trial court acted within its statutory authority by summarily ordering the CIB to adhere to the statutory requirements of the Nonprofit Corporations Act.

Finally, we conclude that the trial court did not err in concluding that the ecclesiastical abstention doctrine did not deprive the court of subject-matter jurisdiction. Circuit courts possess subject-matter jurisdiction over a claim that a nonprofit corporation has failed to adhere to the annual meeting requirements of MCL 450.2402. "[T]he ecclesiastical abstention doctrine informs how civil courts must adjudicate claims involving ecclesiastical questions; it does not deprive those courts of subject matter jurisdiction over such claims." *Winkler*, 500 Mich at 337. The trial court's determination that Harry Park and Doran were members of the corporation pursuant to the Nonprofit Corporation Act did not require the resolution of ecclesiastical questions. As the trial court recognized, the CIB, as an ecclesiastical entity, was not required to incorporate. But the incorporators chose to become a corporate entity and, therefore, the CIB was required to adhere to the laws of the State of Michigan, including MCL 450.2402.

For the reasons set forth in this opinion, we affirm the trial court's orders.


/s/ Brock A. Swartzle
/s/ Thomas C. Cameron
/s/ Sima G. Patel